IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 07-361 (GMS) |
| COMCAST CORPORATION; COMCAST OF NEW CASTLE COUNTY, LLC; COMCAST OF DELMARVA, INC.; COMCAST OF EASTERN SHORE, LLC; COMCAST OF CALIFORNIA II, LLC; COMCAST OF CALIFORNIA/COLORADO, LLC; COMCAST OF ARKANSAS/ FLORIDA/LOUISIANA/ MINNESOTA/ MISSISSIPPI/ TENNESSEE, INC.; COMCAST OF COLORADO/ PENNSYLVANIA/WEST VIRGINIA, LLC; COMCAST OF FLORIDA/ILLINOIS/ MICHIGAN, INC.; COMCAST OF GARDEN STATE, L.P.; COMCAST OF HOUSTON, LLC; GEICO CORPORATION; GOVERNMENT EMPLOYEES INSURANCE COMPANY; GEICO GENERAL INSURANCE COMPANY; GEICO INDEMNITY COMPANY; GEICO CASUALTY COMPANY; XM SATELLITE RADIO HOLDINGS INC.; XM SATELLITE RADIO, INC.; XM RADIO, INC.; XM EQUIPMENT LEASING, LLC; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## THE COMCAST DEFENDANTS' ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT

The Comcast Defendants set forth the following answer, affirmative defenses and counterclaims (the "Answer") to Plaintiff Ronald A. Katz Technology Licensing, L.P.'s Complaint for Patent Infringement (the "Complaint").[1]

---

[1] As used herein, "the Comcast Defendants" refers collectively to the Comcast entities named as defendants to the Complaint: Comcast Corporation, Comcast Cable Communications,

## ANSWER

1.	The Comcast Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2-13.	Admitted except averred that Comcast Cable Communications, LLC, Comcast of New Castle County, LLC, Comcast of Eastern Shore, LLC, Comcast of California II, LLC, Comcast of California/Colorado, LLC, Comcast of Colorado/Pennsylvania/West Virginia, LLC, and Comcast of Houston, LLC are Delaware limited liability companies and Comcast of Garden State, L.P. is a Delaware limited partnership.

14-21.	The allegations in paragraphs 14-21 are not directed to the Comcast Defendants and therefore no answer is required.

22-23.	Admitted that Ronald A. Katz Technology Licensing, L.P. ("Katz") purports to assert a claim for patent infringement arising under the laws of the United States of America, 35 U.S.C. § 101 et seq. and that this Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Further admitted that the Comcast Defendants are subject to this Court's personal jurisdiction. The Comcast Defendants deny operation of infringing automated call processing systems. To the extent that any of the remainder of these allegations is intended as a basis for liability as to the Comcast Defendants, it is denied.

24-25.	The allegations in paragraphs 24 and 25 are not directed to the Comcast Defendants and therefore no answer is required.

---

LLC, Comcast of New Castle County, LLC, Comcast of Delmarva, Inc., Comcast of Eastern Shore, LLC, Comcast of California II, LLC, Comcast of California/Colorado, LLC, Comcast of Arkansas/Florida/Louisiana/Minnesota/Mississippi/Tennessee, Inc., Comcast of Colorado/Pennsylvania/West Virginia, LLC, Comcast of Florida/Illinois/Michigan, Inc., Comcast of Garden State, L.P., and Comcast of Houston, LLC.

26. Admitted that venue is proper in this Court as to the Comcast Defendants.

27-37. The Comcast Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 27 through 37.

38. Admitted that the Comcast Defendants have engaged in discussions with Katz and that, subject to the allegations of the Comcast Defendants' Fourth Affirmative Defense and Counterclaims III and IV below, the Comcast Defendants have not contracted directly with Katz with regard to a license. To the extent the allegations in paragraph 38 are not directed to the Comcast Defendants, no answer is required. All other allegations and/or implications in paragraph 38 are denied.

39-60. The allegations in paragraphs 39 through 60 assert legal conclusions to which no answer is required. The allegations in these paragraphs also purport to describe U.S. Patent Nos. 4,792,968; 4,930,150; 5,128,984; 5,251,252; 5,255,309; 5,351,285; 5,561,707; 5,684,863; 5,815,551; 5,828,734; 5,898,762; 5,917,893; 5,974,120; 6,035,021; 6,148,065; 6,349,134; 6,424,703; 6,434,223; 6,512,415; and 6,678,360 (collectively, the "patents-in-suit"). Accordingly, the Comcast Defendants refer to the documents for their content. To the extent the allegations contained in these paragraphs make factual allegations to which a response is required, they are denied.

61. The Comcast Defendants incorporate by reference their responses in paragraphs 1-60 of this Answer as if fully set forth herein.

62. Admitted that the Comcast Defendants provide such services in much of the United States. Otherwise denied.

63. Admitted that the Comcast Defendants use call processing systems for customer service, pay-per-view ordering, voicemail, and technical support functions, but denied that the

3

Comcast Defendants' systems are infringing. The remainder of the allegations of Paragraph 63 are denied.

64. The Comcast Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65-68. Denied.

69-84. The allegations of paragraphs 69 through 84 are not directed to the Comcast Defendants and therefore no answer is required.

## GENERAL DENIAL

The Comcast Defendants deny each and every allegation of Katz's Complaint (including the Prayer for Relief) that herein has neither been admitted nor controverted.

## AFFIRMATIVE DEFENSES

The Comcast Defendants assert the following defenses to the Complaint:

### First Affirmative Defense

On information and belief, the Comcast Defendants have not directly infringed, contributed to the infringement of, and/or actively induced the infringement of any valid claim of any of the patents-in-suit.

### Second Affirmative Defense

On information and belief, each of the patents-in-suit is invalid by reason of having been issued in violation of the United States patent laws, Title 35 United States Code, including violations of Sections 102, 103, 112, 115 and/or 116 thereof, the Rules and Regulations of the Patent & Trademark Office relating thereto, and/or the doctrines on double-patenting.

Third Affirmative Defense

On information and belief, the relief sought by Katz is barred by waiver, laches, acquiescence and/or estoppel.

Fourth Affirmative Defense

On information and belief, some or all of the Comcast Defendants' allegedly infringing activities are and have been authorized pursuant to one or more license agreement(s) with Katz. As a matter of law, the Comcast Defendants' allegedly infringing activities undertaken while under license do not constitute and have not constituted patent infringement under 35 U.S.C. § 271.

**COMCAST'S COUNTERCLAIMS AGAINST KATZ**

For their counterclaims against Katz, the Comcast Defendants allege as follows:

**THE PARTIES**

1.  Counterclaim Plaintiff Comcast Corporation is a Pennsylvania corporation with its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

2.  Counterclaim Plaintiff Comcast Cable Communications, LLC is a Delaware limited liability company with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

3.  Counterclaim Plaintiff Comcast of New Castle County, LLC is a Delaware limited liability company with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

4.  Counterclaim Plaintiff Comcast of Delmarva, Inc. is a Delaware corporation with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

5. Counterclaim Plaintiff Comcast of Eastern Shore, LLC is a Delaware limited liability company with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

6. Counterclaim Plaintiff Comcast of California II, LLC is a Delaware limited liability company with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

7. Counterclaim Plaintiff Comcast of California/Colorado, LLC is a Delaware limited liability company with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

8. Counterclaim Plaintiff Comcast of Arkansas/Florida/Louisiana/Minnesota/ Mississippi/Tennessee, Inc. is a Delaware corporation with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

9. Counterclaim Plaintiff Comcast of Colorado/Pennsylvania/West Virginia, LLC is a Delaware limited liability company with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

10. Counterclaim Plaintiff Comcast of Florida/Illinois/Michigan, Inc. is a Delaware corporation with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

11. Counterclaim Plaintiff Comcast of Garden State, L.P. is a Delaware limited partnership with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

12. Counterclaim Plaintiff Comcast of Houston, LLC is a Delaware limited liability company with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

13. On information and belief, Counterclaim Defendant Katz Technology Licensing, L.P. is a California limited partnership with a principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

## JURISDICTION AND VENUE

14. The Comcast Defendants' counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment provisions of §§ 2201 and 2202 of Title 28 of the United States Code.

15. This Court has original jurisdiction over the Comcast Defendants' counterclaims based on 28 U.S.C. §§ 1331, 1332 and 1338(a) and the Declaratory Judgment Act. This is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interests, seventy-five thousand dollars ($75,000.00).

16. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE PATENTS-IN-SUIT

17. The Comcast Defendants restate and reallege the allegations set forth in paragraphs 1-16 above and incorporate them by reference.

18. On information and belief, the Comcast Defendants have not directly infringed, contributed to the infringement, or actively induced the infringement of any valid claim of any of U.S. Patent Nos. 4,792,968; 4,930,150; 5,128,984; 5,251,252; 5,255,309; 5,351,285; 5,561,707; 5,684,863; 5,815,551; 5,828,734; 5,898,762; 5,917,893; 5,974,120; 6,035,021; 6,148,065; 6,349,134; 6,424,703; 6,434,223; 6,512,415; or 6,678,360 (collectively, the "patents-in-suit"),

nor have the Comcast Defendants otherwise committed any acts of infringement of any rights of Katz.

## COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF THE PATENTS-IN-SUIT

19. The Comcast Defendants restate and reallege the allegations set forth in paragraphs 1-16 above and incorporate them by reference.

20. On information and belief, the patents-in-suit are invalid by reason of having been issued in violation of the U.S. patent laws, Title 35 United States Code, including violations of Sections 102, 103, 112, 115 and/or 116 thereof, the Rules and Regulations of the Patent & Trademark Office relating thereto, and/or the doctrines on double-patenting.

## COUNT III – BREACH OF LICENSING AGREEMENT

21. The Comcast Defendants restate and reallege the allegations set forth in paragraphs 1-16 above and incorporate them by reference.

22. As of October 15, 1996, Katz entered into a written license agreement with Tele-Communications, Inc. ("TCI"), now known as Comcast Cable Holdings, LLC ("CCH"), whereby TCI and its "Affiliates" (as defined), among others, were granted a field-of-use license relating to various Katz patents (the "CCH License Agreement").

23. As of March 20, 2000, AT&T Corp. acquired control of TCI, which was converted from a Delaware corporation to a Delaware limited liability company and renamed AT&T Broadband, LLC.

24. On November 19, 2002, Comcast Corp. acquired control of AT&T Broadband, LLC. AT&T Broadband, LLC's name was changed to "Comcast Cable Holdings, LLC" (CCH).

25. On June 7, 2007, Katz filed the Complaint, alleging patent infringement on the part of the Comcast Defendants.

26.  The field-of-use license granted by the CCH License Agreement extends to each of the patents-in-suit asserted against the Comcast Defendants in the Complaint.

27.  Each of the Comcast Defendants is an entity controlling, controlled by, or under common control with CCH and, as such, is an "Affiliate" of CCH as defined by the CCH License Agreement and a licensee thereunder.

28.  Katz has denied that the Comcast Defendants are "Affiliates" as defined by the CCH License Agreement and has denied that they are licensees under that agreement.

29.  CCH has fully performed in all material respects its obligations, including without limitation its payment obligations, under the CCH License Agreement.

30.  Each of the Comcast Defendants has fully performed in all material respects its obligations, if any, under the CCH License Agreement.

31.  Katz has materially breached the CCH License Agreement by denying that the Comcast Defendants are licensees under that agreement and by filing the *Katz v. Comcast* lawsuit accusing the Comcast Defendants of infringing patents covered by the CCH License Agreement.

32.  The Comcast Defendants have been damaged by Katz's breach of the CCH License Agreement and are entitled to specific performance by Katz of Katz's obligations under the terms of the CCH License Agreement.

## COUNT IV – DECLARATORY JUDGMENT OF AUTHORIZATION PURSUANT TO LICENSE

33.  Comcast restates and realleges the allegations set forth in paragraphs 1-16 and 21-32 above and incorporates them by reference.

34.  There is a justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Katz and the Comcast Defendants with respect to whether each of the Comcast

9

Defendants is, and has been for so long as it has been controlled by, controlling, or under common control with CCH, an "Affiliate" of CCH as defined by the CCH License Agreement, and as such, licensed to use the patents-in-suit within the field of use of the CCH License Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, the Comcast Defendants pray for judgment as follows:

1. That the Complaint be dismissed with prejudice against the Comcast Defendants in its entirety;

2. That judgment be entered for the Comcast Defendants and that Katz take nothing;

3. For judgment that the patents-in-suit are invalid, unenforceable, and/or not infringed by the Comcast Defendants;

4. For judgment that some or all of the Comcast Defendants' allegedly infringing activities are and have been authorized pursuant to one or more license agreement(s) with Katz;

5. For judgment that Katz breached the CCH License Agreement by filing the Complaint and denying the Comcast Defendants benefits due to them under the CCH License Agreement;

6. For specific performance by Katz of the terms of the CCH License Agreement;

7. For a declaratory judgment that each of the Comcast Defendants is, and has been for so long as it has been controlled by, controlling, or under common control with CCH, an "Affiliate" of CCH as defined by the CCH License Agreement, and as such, licensed to use the patents-in-suit within the field of use of the CCH License Agreement;

8. That Katz be ordered to pay the Comcast Defendants' costs of suit in this action;

9.  That Katz be ordered to pay the Comcast Defendants' attorneys' fees pursuant to 35 U.S.C. § 285; and

10. That the Comcast Defendants be awarded such other relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Matthew B. Lehr<br>Anthony I. Fenwick<br>Suong T. Nguyen<br>Jill Zimmerman<br>Veronica Abreu<br>DAVIS POLK & WARDWELL<br>1600 El Camino Real<br>Menlo Park, CA 94025<br>Tel: (650) 752-2000<br>Fax: (650) 752-2111 | By: /s/ David E. Moore<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19899<br>    Tel: (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com |
| Dated: July 19, 2007<br>807839 / 31932 | ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIM PLAINTIFFS, COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST OF NEW CASTLE COUNTY, LLC; COMCAST OF DELMARVA, INC.; COMCAST OF EASTERN SHORE, LLC; COMCAST OF CALIFORNIA II, LLC; COMCAST OF CALIFORNIA/COLORADO, LLC; COMCAST OF ARKANSAS/ FLORIDA/LOUISIANA/ MINNESOTA/ MISSISSIPPI/TENNESSEE, INC.; COMCAST OF COLORADO/ PENNSYLVANIA/WEST VIRGINIA, LLC; COMCAST OF FLORIDA/ILLINOIS/ MICHIGAN, INC.; COMCAST OF GARDEN STATE, L.P.; AND COMCAST OF HOUSTON, LLC |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on July 19, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 19, 2007, I have Electronically Mailed the document to the following person(s):

Andre G. Bouchard
John M. Seaman
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington DE 19801
abouchard@bmf-law.com
jseaman@bmf-law.com

Robert T. Haslam
Andrew C. Byrnes
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
robert.haslam@hellerehrman.com
andrew.byrnes@hellerehrman.com

Michael K. Plimack
Dale A. Rice
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
michael.plimack@hellerehrman.com
dale.rice@hellerehrman.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

801959 / 31932