IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | |
| Plaintiff, | |
| v. | |
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST OF NEW CASTLE COUNTY, LLC; COMCAST OF DELMARVA, INC.; COMCAST OF EASTERN SHORE, LLC; COMCAST OF CALIFORNIA II, LLC; COMCAST OF CALIFORNIA/COLORADO, LLC; COMCAST OF ARKANSAS/FLORIDA/ LOUISIANA/MINNESOTA/MISSISSIPPI/ TENNESSEE, INC.; COMCAST OF COLORADO/ PENNSYLVANIA/WEST VIRGINIA, LLC; COMCAST OF FLORIDA/ILLINOIS/MICHIGAN, INC.; COMCAST OF GARDEN STATE, L.P.; COMCAST OF HOUSTON, LLC; GEICO CORPORATION; GOVERNMENT EMPLOYEES INSURANCE COMPANY; GEICO GENERAL INSURANCE COMPANY; GEICO INDEMNITY COMPANY; GEICO CASUALTY COMPANY; XM SATELLITE RADIO HOLDINGS INC.; XM SATELLITE RADIO, INC.; XM RADIO, INC.; XM EQUIPMENT LEASING, LLC; | C.A. No. 1:07-CV-00361 (GMS) |
| Defendants. | |

**THE XM DEFENDANTS' ANSWER
TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

XM Satellite Radio Holdings Inc. ("XM Holdings"), XM Satellite Radio Inc. ("XM

Satellite Radio"), XM Radio Inc. ("XM Radio"), and XM Equipment Leasing LLC ("XM

Equipment") (collectively, "XM Defendants") file their Answer ("Answer") to Plaintiff Ronald

A. Katz Technology Licensing, L.P.'s ("Katz") Amended Complaint for Patent Infringement

("Amended Complaint") admitting those facts specifically admitted below and denying all others averred in the Amended Complaint, and state as follows:

## THE PARTIES

1.      The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 1 of the Amended Complaint and, therefore, deny those allegations.

2.      The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 2 of the Amended Complaint and, therefore, deny those allegations.

3.      The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 3 of the Amended Complaint and, therefore, deny those allegations.

4.      The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 4 of the Amended Complaint and, therefore, deny those allegations.

5.      The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 5 of the Amended Complaint and, therefore, deny those allegations.

6.      The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 6 of the Amended Complaint and, therefore, deny those allegations.

7.      The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 7 of the Amended Complaint and, therefore, deny those allegations.

8.      The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 8 of the Amended Complaint and, therefore, deny those allegations.

9.      The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 9 of the Amended Complaint and, therefore, deny those allegations.

10.      The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 10 of the Amended Complaint and, therefore, deny those allegations.

11.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 11 of the Amended Complaint and, therefore, deny those allegations.

12.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 12 of the Amended Complaint and, therefore, deny those allegations.

13.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 13 of the Amended Complaint and, therefore, deny those allegations.

14.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 14 of the Amended Complaint and, therefore, deny those allegations.

15.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 15 of the Amended Complaint and, therefore, deny those allegations.

16.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 16 of the Amended Complaint and, therefore, deny those allegations.

17.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 17 of the Amended Complaint and, therefore, deny those allegations.

18.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 18 of the Amended Complaint and, therefore, deny those allegations.

19.     The XM Defendants admit that XM Satellite Radio is a Delaware corporation having a principal place of business at 1500 Eckington Place NE, Washington, D.C. 20002, and that it is a subsidiary of XM Holdings.  The XM Defendants deny the remaining allegations and characterizations of paragraph 19 of the Amended Complaint.

20.     The XM Defendants admit that XM Radio is a Delaware corporation having a principal place of business at 1500 Eckington Place NE, Washington, D.C. 20002, and that it is a subsidiary of XM Satellite Radio, which is a subsidiary of XM Holdings.  The XM Defendants

deny the remaining allegations and characterizations of paragraph 20 of the Amended Complaint.

21.    The XM Defendants admit that XM Equipment is a Delaware limited liability company having a principal place of business at 1500 Eckington Place NE, Washington, D.C. 20002, and that it is a subsidiary of XM Satellite Radio, which is a subsidiary of XM Holdings. The XM Defendants deny the remaining allegations and characterizations of paragraph 21 of the Amended Complaint.

## JURISDICTION AND VENUE

22.    The XM Defendants admit that Katz purports to assert a claim for patent infringement arising under the laws of the United States, 35 U.S.C. § 101 et seq., but the XM Defendants expressly deny any liability thereunder.  The XM Defendants admit that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338.

23.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 23 of the Amended Complaint and, therefore, deny those allegations.

24.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 24 of the Amended Complaint and, therefore, deny those allegations.

25.    The XM Defendants do not contest that this Court has personal jurisdiction over the XM Defendants in this case.  The XM Defendants admit that XM Holdings, XM Satellite Radio, and XM Radio are Delaware corporations.  The XM Defendants admit that XM Equipment is a Delaware limited liability company.  The XM Defendants further admit that they have designated registered agents in this judicial district.

26.    The XM Defendants do not contest venue in this case in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  The XM Defendants admit that XM Satellite Radio

provides satellite radio subscription services into this district and that XM Equipment engages in some business activities in this district.  The XM Defendants further incorporate by reference their response to paragraph 25 of the Amended Complaint.  The XM Defendants deny the remaining allegations and characterizations of paragraph 26 of the Amended Complaint insofar as they relate to the XM Defendants.  Insofar as the allegations of paragraph 26 of the Amended Complaint relate to the other defendants, the XM Defendants state that they lack sufficient knowledge to admit or deny the allegations and, therefore, deny those allegations.

## BACKGROUND

27.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 27 of the Amended Complaint and, therefore, deny those allegations.

28.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 28 of the Amended Complaint and, therefore, deny those allegations.

29.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 29 of the Amended Complaint and, therefore, deny those allegations.

30.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 30 of the Amended Complaint and, therefore, deny those allegations.

31.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 31 of the Amended Complaint and, therefore, deny those allegations.

32.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 32 of the Amended Complaint and, therefore, deny those allegations.

33.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 33 of the Amended Complaint and, therefore, deny those allegations.

34.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 34 of the Amended Complaint and, therefore, deny those allegations.

35.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 35 of the Amended Complaint and, therefore, deny those allegations.

36.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 36 of the Amended Complaint and, therefore, deny those allegations.

37.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 37 of the Amended Complaint and, therefore, deny those allegations.

38.    The XM Defendants admit that one or more of them have engaged in discussions with Katz or representatives of Katz.  The XM Defendants further admit that they have not entered into a license agreement with Katz.  The XM Defendants deny the remaining allegations and characterizations of paragraph 38 of the Amended Complaint insofar as they relate to the XM Defendants.  Insofar as the allegations of paragraph 38 of the Amended Complaint relate to the other defendants, the XM Defendants lack sufficient knowledge to admit or deny the allegations and, therefore, deny those allegations.

## THE ASSERTED PATENTS

39.    The XM Defendants admit that U.S. Patent No. 4,792,968 (the "'968 Patent") bears an issue date of December 20, 1988, names Ronald A. Katz as an inventor, and is entitled "Statistical Analysis System for Use With Public Communications Facility," but deny that it was duly and legally issued.  To the extent the allegations of paragraph 39 of the Amended Complaint assert legal conclusions, no answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 39 of the Amended Complaint.

40.    The XM Defendants admit that U.S. Patent No. 4,930,150 (the "'150 Patent") bears an issue date of May 29, 1990, names Ronald A. Katz as an inventor, and is entitled "Telephonic Interface System," but deny that it was duly and legally issued.  To the extent the allegations of paragraph 40 of the Amended Complaint assert legal conclusions, no answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 40 of the Amended Complaint.

41.    The XM Defendants admit that U.S. Patent No. 5,128,984 (the "'984 Patent") bears an issue date of July 7, 1992, names Ronald A. Katz as an inventor, and is entitled "Telephone Interface Call Processing System With Call Selectivity," but deny that it was duly and legally issued.  To the extent the allegations of paragraph 41 of the Amended Complaint assert legal conclusions, no answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 41 of the Amended Complaint.

42.    The XM Defendants admit that U.S. Patent No. 5,251,252 (the "'252 Patent") bears an issue date of October 5, 1993, names Ronald A. Katz as an inventor, and is entitled "Telephone Interface Call Processing System With Call Selectivity," but deny that it was duly and legally issued.  To the extent the allegations of paragraph 42 of the Amended Complaint assert legal conclusions, no answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 42 of the Amended Complaint.

43.    The XM Defendants admit that U.S. Patent No. 5,255,309 (the "'309 Patent") bears an issue date of October 19, 1993, names Ronald A. Katz as an inventor, and is entitled "Telephonic-Interface Statistical Analysis System," but deny that it was duly and legally issued. To the extent the allegations of paragraph 43 of the Amended Complaint assert legal

conclusions, no answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 43 of the Amended Complaint.

44.     The XM Defendants admit that U.S. Patent No. 5,351,285 (the "'825 Patent") bears an issue date of September 27, 1994, names Ronald A. Katz as an inventor, and is entitled "Multiple Format Telephonic Interface Control System," but deny that it was duly and legally issued.  To the extent the allegations of paragraph 44 of the Amended Complaint assert legal conclusions, no answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 44 of the Amended Complaint.

45.     The XM Defendants admit that U.S. Patent No. 5,561,707 (the "'707 Patent") bears an issue date of October 1, 1996, names Ronald A. Katz as an inventor, and is entitled "Telephonic-Interface Statistical Analysis System," but deny that it was duly and legally issued. To the extent the allegations of paragraph 45 of the Amended Complaint assert legal conclusions, no answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 45 of the Amended Complaint.

46.     The XM Defendants admit that U.S. Patent No. 5,684,863 (the "'863 Patent") bears an issue date of November 4, 1997, names Ronald A. Katz as an inventor, and is entitled "Telephonic-Interface Statistical Analysis System," but deny that it was duly and legally issued. To the extent the allegations of paragraph 46 of the Amended Complaint assert legal conclusions, no answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 46 of the Amended Complaint.

47.     The XM Defendants admit that U.S. Patent No. 5,815,551 (the "'551 Patent") bears an issue date of September 29, 1998, names Ronald A. Katz as an inventor, and is entitled "Telephonic-Interface Statistical Analysis System," but deny that it was duly and legally issued.

To the extent the allegations of paragraph 47 of the Amended Complaint assert legal conclusions, no answer is required. The XM Defendants deny the remaining allegations and characterizations of paragraph 47 of the Amended Complaint.

48.    The XM Defendants admit that U.S. Patent No. 5,828,734 (the "'734 Patent") bears an issue date of October 27, 1998, names Ronald A. Katz as an inventor, and is entitled "Telephone Interface Call Processing System With Call Selectivity," but deny that it was duly and legally issued. To the extent the allegations of paragraph 48 of the Amended Complaint assert legal conclusions, no answer is required. The XM Defendants deny the remaining allegations and characterizations of paragraph 48 of the Amended Complaint.

49.    The XM Defendants admit that U.S. Patent No. 5,835,576 (the "'576 Patent") bears an issue date of November 10, 1998, names Ronald A. Katz as an inventor, and is entitled "Telephonic-Interface Lottery Device," but deny that it was duly and legally issued. To the extent the allegations of paragraph 49 of the Amended Complaint assert legal conclusions, no answer is required. The XM Defendants deny the remaining allegations and characterizations of paragraph 49 of the Amended Complaint.

50.    The XM Defendants admit that U.S. Patent No. 5,898,762 (the "'762 Patent") bears an issue date of April 27, 1999, names Ronald A. Katz as an inventor, and is entitled "Telephonic-Interface Statistical Analysis System," but deny that it was duly and legally issued. To the extent the allegations of paragraph 50 of the Amended Complaint assert legal conclusions, no answer is required. The XM Defendants deny the remaining allegations and characterizations of paragraph 50 of the Amended Complaint.

51.    The XM Defendants admit that U.S. Patent No. 5,917,893 (the "'893 Patent") bears an issue date of June 29, 1999, names Ronald A. Katz as an inventor, and is entitled

"Multiple Format Telephonic Interface Control System," but deny that it was duly and legally issued. To the extent the allegations of paragraph 51 of the Amended Complaint assert legal conclusions, no answer is required. The XM Defendants deny the remaining allegations and characterizations of paragraph 51 of the Amended Complaint.

52.     The XM Defendants admit that U.S. Patent No. 5,974,120 (the "'120 Patent") bears an issue date of October 26, 1999, names Ronald A. Katz as an inventor, and is entitled "Telephone Interface Call Processing System With Call Selectivity," but deny that it was duly and legally issued. To the extent the allegations of paragraph 52 of the Amended Complaint assert legal conclusions, no answer is required. The XM Defendants deny the remaining allegations and characterizations of paragraph 52 of the Amended Complaint.

53.     The XM Defendants admit that U.S. Patent No. 6,035,021 (the "'021 Patent") bears an issue date of March 7, 2000, names Ronald A. Katz as an inventor, and is entitled "Telephonic-Interface Statistical Analysis System," but deny that it was duly and legally issued. To the extent the allegations of paragraph 53 of the Amended Complaint assert legal conclusions, no answer is required. The XM Defendants deny the remaining allegations and characterizations of paragraph 53 of the Amended Complaint.

54.     The XM Defendants admit that U.S. Patent No. 6,148,065 (the "'065 Patent") bears an issue date of November 14, 2000, names Ronald A. Katz as an inventor, and is entitled "Telephonic-Interface Statistical Analysis System," but deny that it was duly and legally issued. To the extent the allegations of paragraph 54 of the Amended Complaint assert legal conclusions, no answer is required. The XM Defendants deny the remaining allegations and characterizations of paragraph 54 of the Amended Complaint.

55.     The XM Defendants admit that U.S. Patent No. 6,292,547 (the "'547 Patent")
bears an issue date of September 18, 2001, names Ronald A. Katz as an inventor, and is entitled
"Telephonic-Interface Statistical Analysis System," but deny that it was duly and legally issued.
To the extent the allegations of paragraph 55 of the Amended Complaint assert legal
conclusions, no answer is required.  The XM Defendants deny the remaining allegations and
characterizations of paragraph 55 of the Amended Complaint.

56.     The XM Defendants admit that U.S. Patent No. 6,335,965 (the "'965 Patent")
bears an issue date of January 1, 2002, names Ronald A. Katz as an inventor, and is entitled
"Voice-Data Telephonic Interface Control System," but deny that it was duly and legally issued.
To the extent the allegations of paragraph 56 of the Amended Complaint assert legal
conclusions, no answer is required.  The XM Defendants deny the remaining allegations and
characterizations of paragraph 56 of the Amended Complaint.

57.     The XM Defendants admit that U.S. Patent No. 6,349,134 (the "'134 Patent")
bears an issue date of February 19, 2002, names Ronald A. Katz as an inventor, and is entitled
"Telephonic-Interface Statistical Analysis System," but deny that it was duly and legally issued.
To the extent the allegations of paragraph 57 of the Amended Complaint assert legal
conclusions, no answer is required.  The XM Defendants deny the remaining allegations and
characterizations of paragraph 57 of the Amended Complaint.

58.     The XM Defendants admit that U.S. Patent No. 6,424,703 (the "'703 Patent")
bears an issue date of July 23, 2002, names Ronald A. Katz as an inventor, and is entitled
"Telephonic-Interface Lottery Device," but deny that it was duly and legally issued.  To the
extent the allegations of paragraph 58 of the Amended Complaint assert legal conclusions, no

answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 58 of the Amended Complaint.

59.    The XM Defendants admit that U.S. Patent No. 6,434,223 (the "'223 Patent") bears an issue date of August 13, 2002, names Ronald A. Katz as an inventor, and is entitled "Telephone Interface Call Processing System With Call Selectivity," but deny that it was duly and legally issued.  To the extent the allegations of paragraph 59 of the Amended Complaint assert legal conclusions, no answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 59 of the Amended Complaint.

60.    The XM Defendants admit that U.S. Patent No. 6,512,415 (the "'415 Patent") bears an issue date of January 28, 2003, names Ronald A. Katz as an inventor, and is entitled "Telephonic-Interface Game Control System," but deny that it was duly and legally issued.  To the extent the allegations of paragraph 60 of the Amended Complaint assert legal conclusions, no answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 60 of the Amended Complaint.

61.    The XM Defendants admit that U.S. Patent No. 6,678,360 (the "'360 Patent") bears an issue date of January 13, 2004, names Ronald A. Katz as an inventor, and is entitled "Telephonic-Interface Statistical Analysis System," but deny that it was duly and legally issued.  To the extent the allegations of paragraph 61 of the Amended Complaint assert legal conclusions, no answer is required.  The XM Defendants deny the remaining allegations and characterizations of paragraph 61 of the Amended Complaint.

## FIRST CLAIM
### (Patent Infringement by the Comcast Defendants)

The XM Defendants state that they lack sufficient knowledge to admit or deny any allegations or characterizations embodied in the heading and, therefore, deny them.

62.     The XM Defendants reincorporate by reference their responses in paragraphs 1-61 of this Answer as if fully set forth herein.

63.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 63 of the Amended Complaint and, therefore, deny those allegations.

64.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 64 of the Amended Complaint and, therefore, deny those allegations.

65.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 65 of the Amended Complaint and, therefore, deny those allegations.

66.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 66 of the Amended Complaint and, therefore, deny those allegations.

67.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 67 of the Amended Complaint and, therefore, deny those allegations.

68.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 68 of the Amended Complaint and, therefore, deny those allegations.

69.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 69 of the Amended Complaint and, therefore, deny those allegations.

### SECOND CLAIM
**(Patent Infringement by the GEICO Defendants)**

The XM Defendants state that they lack sufficient knowledge to admit or deny any allegations or characterizations embodied in the heading and, therefore, deny them.

70.     The XM Defendants reincorporate by reference their responses in paragraphs 1-61 of this Answer as if fully set forth herein.

71.     The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 71 of the Amended Complaint and, therefore, deny those allegations.

72.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 72 of the Amended Complaint and, therefore, deny those allegations.

73.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 73 of the Amended Complaint and, therefore, deny those allegations.

74.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 74 of the Amended Complaint and, therefore, deny those allegations.

75.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 75 of the Amended Complaint and, therefore, deny those allegations.

76.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 76 of the Amended Complaint and, therefore, deny those allegations.

77.    The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 77 of the Amended Complaint and, therefore, deny those allegations.

## THIRD CLAIM
### (Patent Infringement by the XM Defendants)

The XM Defendants deny any allegations or characterizations embodied in the heading.

78.    The XM Defendants reincorporate by reference their responses in paragraphs 1-61 of this Answer as if fully set forth herein.

79.    The XM Defendants admit that XM Satellite Radio provides satellite radio subscription services, but deny that XM Holdings, XM Radio and XM Equipment provide satellite radio subscription services.

80.    The XM Defendants admit that XM Satellite Radio uses a call processing system to provide customer service.  The XM Defendants admit that this XM Satellite Radio call processing system can be used in connection with human operators and to obtain customer

service, such as radio activation.  The XM Defendants deny the remaining allegations and characterizations of paragraph 80 of the Amended Complaint.

81.      The XM Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 81 of the Amended Complaint and, therefore, deny those allegations.

82.      The XM Defendants deny the allegations and characterizations of paragraph 82 of the Amended Complaint.

83.      The XM Defendants deny the allegations and characterizations of paragraph 83 of the Amended Complaint.

84.      The XM Defendants deny the allegations and characterizations of paragraph 84 of the Amended Complaint.

85.      The XM Defendants deny the allegations and characterizations of paragraph 85 of the Amended Complaint.

## PRAYER FOR RELIEF

The XM Defendants deny that Plaintiff is entitled to any relief whatsoever from the XM Defendants as prayed for in the Amended Complaint or otherwise.

## DEMAND FOR JURY TRIAL

The XM Defendants admit that Plaintiff demands trial by jury for all claims for relief pursuant to Federal Rule of Civil Procedure 38.

## ADDITIONAL DEFENSES

In addition to the defenses described below, the XM Defendants specifically reserve the right to allege defenses as they become known through the course of discovery.

**First Additional Defense**

1.      The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '150 Patent.

2.      The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '984 Patent.

3.      The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '252 Patent.

4.      The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '285 Patent.

5.      The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '707 Patent.

6.      The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '863 Patent.

7.      The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '551 Patent.

8.      The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '734 Patent.

9.      The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '762 Patent.

10.      The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '893 Patent.

11.      The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '120 Patent.

12.     The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '065 Patent.

13.     The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '965 Patent.

14.     The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '134 Patent.

15.     The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '703 Patent.

16.     The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '223 Patent.

17.     The XM Defendants do not infringe and have not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '360 Patent.

## **Second Additional Defense**

18.     One or more of the claims of the '150 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

19.     One or more of the claims of the '984 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

20.     One or more of the claims of the '252 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

21.    One or more of the claims of the '285 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

22.    One or more of the claims of the '707 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

23.    One or more of the claims of the '863 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

24.    One or more of the claims of the '551 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

25.    One or more of the claims of the '734 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

26.    One or more of the claims of the '762 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

27.    One or more of the claims of the '893 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

28.     One or more of the claims of the '120 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

29.     One or more of the claims of the '065 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

30.     One or more of the claims of the '965 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

31.     One or more of the claims of the '134 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

32.     One or more of the claims of the '703 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

33.     One or more of the claims of the '223 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

34.     One or more of the claims of the '360 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 102, 103, and/or 112, or because of obviousness-type double patenting.

**Third Additional Defense**

35.    On information and belief, some or all of the XM Defendants' allegedly infringing activity has been authorized by one or more license agreements with Katz or Katz's licensees.  As such, the XM Defendants' activities during this period cannot constitute patent infringement.

**Fourth Additional Defense**

36.    Katz's claims are barred by reason of estoppel.

37.    Katz is estopped from construing any valid claim of the '150 Patent, '984 Patent, '252 Patent, '285 Patent, '707 Patent, '863 Patent, '551 Patent, '734 Patent, '762 Patent, '893 Patent, '120 Patent, '065 Patent, '965 Patent, '134 Patent, '703 Patent, '223 Patent, and '360 Patent to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any technology made, used, imported, offered for sale, or sold by the XM Defendants in view of prior art, because of admissions or statements made to the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the '150 Patent, '984 Patent, '252 Patent, '285 Patent, '707 Patent, '863 Patent, '551 Patent, '734 Patent, '762 Patent, '893 Patent, '120 Patent, '065 Patent, '965 Patent, '134 Patent, '703 Patent, '223 Patent, and '360 Patent or any related patent, because of disclosure or language in the specification of the '150 Patent, '984 Patent, '252 Patent, '285 Patent, '707 Patent, '863 Patent, '551 Patent, '734 Patent, '762 Patent, '893 Patent, '120 Patent, '065 Patent, '965 Patent, '134 Patent, '703 Patent, '223 Patent, and '360 Patent, and/or because of limitations in the claims of the '150 Patent, '984 Patent, '252 Patent, '285 Patent, '707 Patent, '863 Patent, '551 Patent, '734 Patent, '762 Patent, '893 Patent, '120 Patent, '065 Patent, '965 Patent, '134 Patent, '703 Patent, '223 Patent, and '360 Patent.

**Fifth Additional Defense**

38.    At least the following patents are unenforceable by reason of laches: '150 Patent, '984 Patent, '252 Patent, '285 Patent, '707 Patent, '863 Patent, '551 Patent, '734 Patent, '762 Patent, '893 Patent, '120 Patent, '065 Patent, '965 Patent, '703 Patent, and '223 Patent.

39.    On information and belief, Katz's claims with respect to the following patents are barred by the doctrine of prosecution laches: '707 Patent, '863 Patent, '551 Patent, '734 Patent, '762 Patent, '893 Patent, '120 Patent, '065 Patent, '965 Patent, '134 Patent, '703 Patent, '223 Patent, and '360 Patent.

**Sixth Additional Defense**

40.    Katz is not entitled to injunctive relief because any injury to Katz is not immediate or irreparable, and Katz has an adequate remedy at law for any claims it can prove.

**EXCEPTIONAL CASE**

41.    This case is exceptional against Katz, entitling the XM Defendants to attorney's fees and costs pursuant to 28 U.S.C. § 285.

**THE XM DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE the XM Defendants pray that:

A)    this Court dismiss the Amended Complaint against the XM Defendants with prejudice;

B)    this Court enter judgment that the patents asserted against the XM Defendants are invalid;

C)    this Court enter judgment that the XM Defendants have not infringed, induced infringement, or contributed to the infringement of the patents asserted against the XM Defendants;

D)      this Court enter judgment that some or all of the accused actions of the XM

Defendants are performed under license to the patents asserted against the XM Defendants;

E)      this Court enter judgment that the '150 Patent, '984 Patent, '252 Patent, '285

Patent, '707 Patent, '863 Patent, '551 Patent, '734 Patent, '762 Patent, '893 Patent, '120 Patent,

'065 Patent, '965 Patent, '134 Patent, '703 Patent, '223 Patent, and '360 Patent are

unenforceable against the XM Defendants;

F)      this Court award the XM Defendants their costs in this action, declare that this

case is an exceptional one under 35 U.S.C. § 285, and award the XM Defendants their reasonable

attorney's fees;

G)      this Court award the XM Defendants all pre-judgment and post-judgment interest

to which the XM Defendants are entitled, at the highest rate allowed by law;

H)      this Court enter judgment that Katz take nothing by reason of its Amended

Complaint; and

I)      this court award the XM Defendants such other and further relief as the Court

may deem appropriate.

Dated:  August 17, 2007                FISH & RICHARDSON P.C.


                                  By:  */s/ Raymond N. Scott, Jr.*
                                       Raymond N. Scott, Jr. (#4949)
                                       919 N. Market Street, Suite 1100
                                       P.O. Box 1114
                                       Wilmington, DE 19899-1114
                                       302.652.5070
                                       rscott@fr.com

                                       Ruffin B. Cordell
                                       Lauren A Degnan
                                       1425 K Street, N.W., 11th Floor
                                       Washington, D.C. 20005
                                       202-783-5070
                                       cordell@fr.com
                                       degnan@fr.com

                                       Michael Chibib
                                       111 Congress Avenue, #810
                                       Austin, Texas 78701
                                       512-472-5070
                                       chibib@fr.com

                                       *Attorneys For Defendants*
                                       *XM SATELLITE RADIO HOLDINGS INC.,*
                                       *XM SATELLITE RADIO, INC., XM RADIO,*
                                       *INC., XM EQUIPMENT LEASING LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2007, the attached document was electronically filed with the Clerk of Court using CM/ECF which will send electronic notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 17, 2007, I have Electronically Mailed the document to the following person(s):

**<u>BY EMAIL</u>**

Andre G. Bouchard
John M. Seaman
222 Delaware Ave., Suite 1400
Wilmington, DE 19801
302.573.3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing,*
*L.P*

**<u>BY EMAIL</u>**

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

*Attorneys for Defendants Comcast*
*Corporation; Comcast Cable*
*Communications, LLC; Comcast of New*
*Castle County, LLC; Comcast of*
*Delmarva, Inc.; Comcast of Eastern*
*Shore, LLC; Comcast of California II,*
*LLC; Comcast of California/Colorado,*
*LLC; Comcast of*
*Arkansas/Florida/Louisiana/Minnesota/*
*Mississippi/Tennessee, Inc.; Comcast of*
*Colorado/Pennsylvania/West Virginia,*
*LLC; Comcast of*
*Florida/Illinois/Michigan, Inc.' Comcast*
*of Garden State, L.P.; Comcast of*
*Houston, LLC*

/s/ Raymond N. Scott, Jr.
Raymond N. Scott, Jr.

80048227.doc