## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 1:07-cv-00361-GMS |
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST OF NEW CASTLE COUNTY, LLC; COMCAST OF DELMARVA, INC.; COMCAST OF EASTERN SHORE, LLC; COMCAST OF CALIFORNIA II, LLC; COMCAST OF CALIFORNIA/COLORADO, LLC; COMCAST OF ARKANSAS/FLORIDA/ LOUISIANA/MINNESOTA/MISSISSIPPI/ TENNESSEE, INC.; COMCAST OF COLORADO/PENNSYLVANIA/WEST VIRGINIA, LLC; COMCAST OF FLORIDA/ ILLINOIS/MICHIGAN, INC.; COMCAST OF GARDEN STATE, L.P.; COMCAST OF HOUSTON, LLC; GEICO CORPORATION; GOVERNMENT EMPLOYEES INSURANCE COMPANY; GEICO GENERAL INSURANCE COMPANY; GEICO INDEMNITY COMPANY; GEICO CASUALTY COMPANY; XM SATELLITE RADIO HOLDINGS, INC.; XM SATELLITE RADIO, INC.; XM RADIO, INC. and XM EQUIPMENT LEASING, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## THE GEICO DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

FOX ROTHSCHILD LLP
Francis G.X. Pileggi, Esquire (Del. Bar. No. 2624)
Citizens Bank Center, Suite 1300
919 North Market Street
Wilmington, DE   19801-2323
Phone: (302) 655-3667
Email: fpileggi@foxrothschild.com

-and-

WARD & OLIVO
John F. Ward, Esquire
David M. Hill, Esquire
Michael G. Gabriel, Esquire
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Email: wardj@wardolivo.com
       hilld@wardolivo.com
       gabrielm@wardolivo.com

Counsel for Defendants and Counterclaim Plaintiffs
GEICO CORPORATION, GOVERNMENT
EMPLOYEES INSURANCE COMPANY, GEICO
GENERAL INSURANCE COMPANY, GEICO
INDEMNITY COMPANY AND GEICO
CASUALTY COMPANY

Dated:  August 22, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ........................... 1

II.    SUMMARY OF ARGUMENT ...................................................................................... 2

III.   STATEMENT OF FACTS ............................................................................................. 3

IV.    ARGUMENT

       A.     Katz Failed To Provide Geico Defendants Notice Of Potential
              Infringement Of The Expired Patents And Cannot Be Granted Any Relief ........... 5

       B.     The Federal Rules of Civil Procedure Require a Plaintiff to Provide the
              'Grounds' of Its Entitlement to Relief ................................................................. 6

       C.     Katz's Complaint Fails to Meet the Minimum Requirements of the
              Federal Rules of Civil Procedure and, Therefore, Should be Dismissed ............... 9

       D.     At a Minimum, Katz Should Be Required to Provide a More Definite
              Statement of its Claims Against Each of the Geico Defendants .......................... 11

CONCLUSION ..................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

*Amsted Industries Inc. v. Buckeye Steel Castings Co.,*
 24 F.3d 178 (Fed. Cir. 1994) ...................................................................... 6

*Bay Indus. v. Tru-Arx Mfg.,* 2006 U.S. Dist. LEXIS 86757 , *3-4
 (E.D. Wis. Nov. 29, 2006) ........................................................................... 12

*Bell Atlantic Corp. v. Twombly,*
 127 S. Ct. 1955 (2007) ................................................................................. 7

*Devices for Medicine, Inc. v. Boehl,*
 822 F.2d 1062 (Fed. Cir. 1987) .................................................................... 5

*General-Probe, Inc. v. Amoco Corp.,*
 926 F. Supp. 948 (S.D. Cal. 1996) ................................................. 7, 8, 10, 12

*Hakan Lans v. Digital Equipment Corp.,* 252 F.3d 1320 (Fed. Cir. 2001) ............... 5, 6

*Hewlett-Packard Co. v. Bausch & Lomb Inc.,*
 909 F.2d 1464 (Fed. Cir. 1990) .................................................................... 10

*In re Papst Licensing, GmbH, Patent Litigation,*
 2001 U.S. Dist. LEXIS 2255 (E.D. La. Feb. 22, 2001) ................................... 12

*Manville Sales Corp. v. Paramount System, Inc.,*
 917 F.2d 544 (Fed. Cir. 1990) ..................................................................... 10

*Martek Biosciences Corp. v. Nutrinova Inc.,*
 2004 U.S. Dist. LEXIS 20469 (D. Del. October 8, 2004) .......................... 11,12

*Morse v. Lower Merion Sch. District,*
 132 F.3d 902 (3d Cir. 1997) .......................................................................... 7

*Ondeo Nalco Co. v. Eka Chemicals, Inc.,*
 2002 WL 1458853 (D. Del. June 10, 2002) ............................................... 7, 10

*Papasan v. Allain,*
 478 U.S. 265 (1986) ...................................................................................... 7

*Roarty v. Tyco International Ltd. Group,*
 2007 U.S. Dist. LEXIS 56637 (D. Del., August 2, 2007) ................................. 7

<u>TABLE OF AUTHORITIES (Cont'd)</u>

**Page**

*Swierkiewicz v. Sorema, N.A.,*
    534 U.S. 506 (2002) .................................................................................... 7

*Wilkerson v. Wendover, Inc.,*
    2007 U.S. Dist. LEXIS 53299 (D. Del. July 23, 2007) .................................. 7

## FEDERAL STATUTES

35 U.S.C. § 287 ...................................................................................................... 4

35 U.S.C. § 287(a) .................................................................................................. 5

Fed. R. Civ. P. 8 ...................................................................................................... 8

## MISCELLANEOUS

5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 ................ 11

## I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

On August 6, 2007, Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz" or "Plaintiff") filed an amended complaint for patent infringement against multiple defendants, including the Geico Defendants. (hereinafter the "Complaint") (Complaint, "D.I. 20" ¶ 14-18).

The Geico Defendants now file their Motion to Dismiss Count II of Plaintiff's Amended Complaint for Patent Infringement for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, the Geico Defendants hereby move pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement of Katz's claims.

## II.    SUMMARY OF ARGUMENT

The Complaint should be dismissed for failure to state a claim for which relief can be granted (1) with regard to those patents that expired, because Katz did not inform the Geico Defendants of infringement before those patents expired, and (2) with regard to all asserted patents, because the Complaint provides insufficient factual allegations to give the Geico Defendants fair notice of the claims.  As the Geico Defendants are unable to answer or otherwise respond to the Complaint as drafted, dismissal for failure to state a claim, or in the alternative for a more definite statement, is appropriate.

2

### III.    STATEMENT OF FACTS

Plaintiff Ronald A. Katz Technology Licensing, L.P. is a California limited partnership which acquired various patents for credit and check verification processes and call processing techniques.

On August 6, 2007, Plaintiff filed an Amended Complaint against various defendants, including the Geico Defendants, a provider of insurance products and services, for patent infringement. The patents at issue can be separated into two categories, those based upon patents that have expired,[1] and those patents that have not expired.[2]

Plaintiff alleges that "the GEICO Defendants use infringing call processing systems to offer automated customer service to their customers." (D.I. 20 ¶ 72). Plaintiff further alleges that "[u]sing an automated system . . . the GEICO Defendants allow their customers to access information about their policies, make payments, order new identification cards, establish or change their personal identification numbers, verify insurance coverage, and perform various other functions." *Id.*

Katz alleges that "one or more" of the over 1600 claims in nineteen patents "may be at issue" against the Geico Defendants. (D.I. 20 ¶ 74). Of the nineteen patents asserted, fifteen expired in 2005. (*See* D.I. 20 ¶¶ 39-61). Katz never brought any of these patents to the attention of the Geico Defendants before the expiration of these fifteen patents.

---

[1] United States Patent Nos. 6,148,065 ("the '065 patent"), 6,434,223 ("the '223 patent"), 6,678,360 ("the '360 patent"), 6,292,547 ("the '547 patent"), 5,835,576 ("the '576 patent"), and 6,424,703 ("the '703 patent") each expired on July 10, 2005. United States Patent Nos. 6,349,134 ("the '134 patent"), 4,930,150 ("the '150 patent"), 5,351,285, ("the '285 patent"), 5,815,551 ("the '551 patent") 5,561,707 ("the '707 patent"), 5,684,863 ("the '863 patent"), 5,917,893 ("the '893 patent"), 6,335,965 ("the '965 patent") and 4,792,968 ("the '968 patent") each expired on December 20, 2005. Collectively, these patents are referred to herein as "the Expired Patents".

[2] The remaining asserted patents are United States Patent Nos. 5,974,120 ("the '120 patent"), 5,251,252 ("the '252 patent"), 5,828,734 ("the '734 patent"), and 5,128,984 ("the '984 patent") (Collectively "the Non-Expired Patents").

3

Not only did Katz fail to provide the Geico Defendants with the notice of infringement required by 35 U.S.C. § 287 during the lifetimes of the fifteen Expired Patents, Katz then sat on its hands for an additional eighteen to twenty-four months after expiration before filing suit. When Katz finally did file its Complaint, it did not bother to identify which of its over 1600 patent claims are at issue. (*See* D.I. 20 ¶¶ 71-77). Of the 1600 claims and nineteen patents asserted, the claims of some asserted patents are all apparatus claims and the claims of other asserted patents include both apparatus and process claims.[3]

Katz merely alleges, in a conclusory, one-sentence claim, that the Geico Defendants "are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified… by making, using, offering to sell, or selling the Accused GEICO Services." (D.I. 20 ¶ 74). According to Katz, the Geico Defendants use call processing systems that allow customers to access information about their policies and perform various transactions and functions relating to their policies. (D.I. 20 ¶ 72). Katz does not, however, explain how any of these automated customer service systems infringe any of Katz's patents.

---

[3] Two of the Expired Patents, the '965 patent and the '968 patent, include only process claims.

4

## IV.   ARGUMENT

**A.    Katz Failed To Provide Geico Defendants Notice Of Potential Infringement Of The Expired Patents And Cannot Be Granted Any Relief**

The Complaint should be dismissed for failure to state a claim for which relief can be granted with regard to the Expired Patents, because Katz did not inform the Geico Defendants of infringement before its monopoly on the Expired Patents lapsed.

Section 287(a) provides that if a patentee fails to mark properly products within the scope of the patent:

> no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice. (35 U.S.C. § 287(a)).

The Federal Circuit explained the purpose of the actual notice requirement in *Hakan Lans v. Digital Equipment Corp. et al.*:

> Besides alerting the alleged infringer to avoid further infringement, the notice requirement also permits the alleged infringer to contact the patentee about an amicable and early resolution of the potential dispute. Thus, without knowledge of the patentee's identity, an alleged infringer may lose the benefit of this primary purpose of the notice requirement. An alleged infringer may lose the opportunity to consult with the patentee about design changes to avoid infringement. Similarly, without knowledge of the patentee, an alleged infringer may lose the chance to negotiate a valid license. In sum, knowledge of the patentee's identity facilitates avoidance of infringement with design changes, negotiations for licenses, and even early resolution of rights in a declaratory judgment proceeding.

252 F.3d 1320, 1327 (Fed. Cir. 2001).

The patent holder has the burden of demonstrating that it took affirmative acts to provide the defendants with actual notice of potential infringements. *See Devices for Medicine, Inc. v.*

*Boehl,* 822 F.2d 1062, 1066 (Fed. Cir. 1987). The Court's inquiry into if and when a defendant received actual notice will focus on patent-holder's actions. *See Amsted Industries Inc. v. Buckeye Steel Castings Co.,* 24 F.3d 178, 187 (Fed. Cir. 1994). Knowledge that a defendant may have of the infringements before receiving actual notice is irrelevant. *See id.*

Katz sells no product and offers no service. Therefore, no constructive notice could have been provided. Katz also failed to provide actual notice to the Geico Defendants of any potential infringement before December 20, 2005 – the date by which all fifteen Expired Patents had lapsed. Therefore, as in the *Hakan Lans* case, Katz has failed to state a claim on which relief may be granted:

> Because Uniboard's licensees did not mark their products and because Uniboard did not inform the Computer Companies of infringement before expiration of the '986 patent, § 287(a) prevents Uniboard from collecting damages from the Computer Companies. Moreover, the district court cannot enjoin the Computer Companies from infringing an expired patent. Thus, the district court correctly ruled that Uniboard has not stated a claim on which relief may be granted.

*Hakan Lans,* 252 F.3d at 1328.

Katz is only allowed to collect damages for the period of infringement after the date on which it provided actual notice of the infringement. This did not happen before the expiration of these fifteen patents. Since the lawsuit was filed after the Expired Patents lapsed, there is no measurable period of damages, and no injunctive relief is possible. Therefore, Katz' claims with regard to the Expired Patents must be dismissed.

## B.     The Federal Rules of Civil Procedure Require a Plaintiff to Provide the 'Grounds' of Its Entitlement to Relief

A complaint is properly dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

6

Procedure when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002). While the Court must accept as true all of the well-pleaded facts in the complaint and must give plaintiff the benefit of every favorable inference that can be drawn from the complaint's allegations, this general rule is not limitless or unbounded. *Roarty v. Tyco Int'l Ltd. Group*, 2007 U.S. Dist. Lexis 56637 at *4 (D. Del., August 2, 2007) ("In performing this task, however, the court need not 'credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss'" (*quoting Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). The court need not accept as true a plaintiff's unsupported, conclusory allegations. *Id; see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that the court is not required to accept unwarranted legal conclusions or factual inferences). It is also well settled that the Court's review should be limited to the facts contained in the complaint, documents attached or incorporated in the complaint, and matters of judicial notice. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *Wilkerson v. Wendover, Inc.*, 2007 U.S. Dist. Lexis 53299 at *3 (D. Del. July 23, 2007).

In a patent infringement case, "the plaintiff must provide facts that 'outline or adumbrate' a viable claim for relief, not mere boilerplate sketching out the elements of a cause of action." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996). The Federal Rules "require that the defendant be given 'fair notice of (1) what the plaintiff's claim is and (2) the grounds upon which it rests.'" *Id.* at 960; *Ondeo Nalco Co. v. Eka Chemicals, Inc.*, Case No. Civ.A. 01-537-SLR, 2002 WL 1458853 *1-2 (D. Del. June 10, 2002) (counterclaims for patent infringement were dismissed because they were "too vague to provide plaintiff with fair notice of

7

which products are accused of infringing defendant's patents"); *see also Wilkerson v. Wendover, Inc.*, 2007 U.S. Dist. Lexis 53299 at *4 (D. Del. July 23, 2007).

For example, in the *Gen-Probe* case, the court granted Amoco's motion to dismiss because "[t]he complaint fail[ed] to provide fair notice of what the plaintiff's claims [were]." *Gen-Probe*, 926 F. Supp. at 960. According to the allegations in the complaint, plaintiff accused all five defendants of three types of infringement of two patents. The court noted that in some paragraphs it was "unclear which of the five [defendants] is accused of which type of infringement," and that in some paragraphs all defendants were accused of all types of infringement. *Id.* The court advised that "this confusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint." *Id.* at 961. Since the complaint identified the defendants and their actions "in a confusingly conclusory manner, accusing each of five defendants of three very different causes of action on two different patents, all in one conclusory sentence, without adequately specifying the grounds for plaintiff's belief that any of these entities have infringed," the plaintiff's "shotgun approach" failed to provide notice of the plaintiff's claims and the bases for those claims. *Id.* at 960. The situation is even worse here, where Katz alleges infringement of 19 patents containing over 1600 claims without any specificity whatsoever.

In addition, the Advisory Committee Notes to Federal Rule of Civil Procedure 8 make clear that a patent-infringement plaintiff cannot simply accuse unidentified transactions, products or services in its attempt to state a claim. Indeed, unlike the Complaint in this action, the sample complaint for patent infringement included as Form 16 to the Advisory Committee Notes specifically identifies the accused product. Fed. R. Civ. P. 8 Advisory Committee's Note, Form

8

16 ("Defendant has for a long time past been and still is infringing those Letters Patents by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court."). Katz has fallen far short of this requirement.

## C.    Katz's Complaint Fails to Meet the Minimum Requirements of the Federal Rules of Civil Procedure and, Therefore, Should be Dismissed

Katz's Complaint fails to meet the minimum requirements under the Federal Rules of Civil Procedure for a cognizable cause of action in patent infringement. Specifically, Katz's Complaint fails to allege any identifiable conduct on the part of the Geico Defendants that would give rise to any liability for infringement of the asserted patents. Katz's only allegations of infringement reference nothing more than "Accused GEICO Services" and "automated call processing systems". Katz's infringement count states that:

> [T]he GEICO Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified ... by making, using, offering to sell, or selling the Accused GEICO Services."

(D.I. 20 ¶ 74). This constitutes the entirety of the factual basis alleged to support Katz's accusations of infringement. This charge falls far short of the factual allegations needed to allow the Geico Defendants to answer and defend.

The only other ostensible "support" Katz could point to for its infringement allegations are contained in the "Jurisdiction and Venue" section of its Complaint relating to the Geico Defendants' operations in this judicial district. Specifically, Katz alleges that:

> (1) they are Delaware Corporations and/or have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems that are available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to,

9

customers in this district.

(D.I. 20 ¶ 24).  These allegations fail to define and describe the Geico Defendants' allegedly infringing activity. These allegations simply conclude that, without any support or explanation, that the Geico Defendants "operate infringing automated call processing systems...." *Id.* These allegations come nowhere near supplying the detail required to meet Rule 8.

Rather than supply a "short and plain" statement of the claim showing that Katz is entitled to relief, each accusation of infringement in Katz's Complaint joins, without distinction or recognition of the differing elements, three separate causes of actions for patent infringement, asserting that Defendants either (1) directly, (2) contributorily, or (3) through inducement, infringe one or more of the patents-in-suit by either making, using, selling, offering for sale, or selling automated customer services.[4]  The *Gen-Probe* Court found that this "shotgun approach" failed to provide either notice of the plaintiff's claims or the bases for those claims.  If anything, Katz's "shotgun approach" is even more convoluted.   Its Complaint includes three separate claims of infringement (direct, contributory and inducement) by one of at least five types of activities (making, using, selling, offering for sale or importing) for each of nineteen patents asserted against the Geico Defendants.   The only thing the Complaint does not provide is adequate notice of Katz's claims and their bases. *See Gen-Probe*, 926 F. Supp. at 960-961; *see*

---

[4] Both contributory infringement and inducement of infringement require predicate proof of direct infringement and have an additional element of specific intent not required of direct infringement. *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 n.4 (Fed. Cir. 1990) (contributory infringement and intent to induce); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) ("It must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement.") Katz does not even purport to allege specific intent against the Geico Defendants in the Complaint.

10

*also Ondeo Nalco Co. v. Eka Chemicals, Inc.*, Case No. Civ.A. 01-537-SLR, 2002 WL 1458853 *1-2 (D. Del. June 10, 2002)

Given the bare and conclusory allegations here, the Geico Defendants, as in *Gen-Probe*, are unable to determine if they have been accused of direct infringement, contributory infringement, or inducement. Likewise the mere identification of "automated call processing services" is so vague that it constitutes no notice of what, if any, actions are alleged to infringe or by what theory of infringement. Because of the inadequate nature of the pleading, the Geico Defendants cannot craft an answer to Katz's Complaint which would satisfy their obligation to respond in a good faith manner. In order to frame any sort of response to the Complaint, the Geico Defendants would be forced to undertake the burdensome task of reading the asserted patents and comparing each of the 1600 claims in those patents to the multitude of products and services that may be involved in operating whatever Katz means by the term "automated call processing services."[5] Katz should have undertaken that task prior to filing suit. Instead, Katz's Complaint seeks to improperly transfer that burden of investigation and notice to the Geico Defendants.

**D.     At a Minimum, Katz Should Be Required to Provide a More Definite Statement of its Claims Against Each of the Geico Defendants**

In the event this Court determines that Katz's Complaint should not be dismissed, the Geico Defendants alternatively request a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure setting forth specific allegations of infringement. If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. *See Martek Biosciences Corp. v.*

11

*Nutrinova Inc.*, 2004 U.S. Dist. LEXIS 20469 at * 5 (D. Del. October 8, 2004) (granting plaintiff's motion for a more definite statement of counterclaim).  Rule 12(e) motions are appropriate when the complaint is sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.  *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376. pp. 577-8 (2d ed. 1990)); *Martek Biosciences Corp.*, 2004 U.S. Dist. LEXIS 20469, *at* *5; *see also, e.g., In re Papst Licensing, GmbH, Patent Litig.*, 2001 U.S. Dist. LEXIS 2255, Nos. MDL 1298 & C.A. 99-3118, 2001 WL 179926, at *5 (E.D. La. Feb. 22, 2001) (concluding that the plaintiff's complaint must be amended to specifically identify which of the defendant's products are alleged to have infringed the plaintiff's patents); *Bay Indus. v. Tru-Arx Mfg.*, 2006 U.S. Dist. LEXIS 86757 , *3-4 (E.D. Wis. Nov. 29, 2006) ("courts have found Rule 12(e) relief appropriate where the complaint fails to identify any allegedly infringing product or at least set forth a limiting parameter").

As detailed above, Katz's Complaint is so vague and ambiguous that the Geico Defendants cannot frame a proper responsive pleading, conform its conduct, if necessary, to avoid allegations of willful infringement, or alert third parties to any indemnification obligations for the purported conduct at issue. *See Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948.  By failing to provide sufficient allegations, Katz is causing confusion and delay which may only be compounded when the Court must determine how to manage this case.  At a minimum, Katz

---

[5] Even then, any Answer would be based upon the Geico Defendants best guess as to which claims Katz intended to assert and which products or services Katz intended to accuse.

should be required to set forth sufficient claims against the Geico Defendants so that the Court and the Geico Defendants do not waste their time on unspecified claims that are without merit.

13

## V.    CONCLUSION

The Complaint should be dismissed for failure to state a claim for which relief can be granted with regard to the Expired Patents because Katz did not inform the Geico Defendants of infringement before those patents expired.   Also, Katz has failed to satisfy the most basic pleading requirements of the Federal Rules.   Katz's Complaint contains boilerplate legal conclusions, fails to identify which of over 1600 claims contained in nineteen patents may be at issue, and fails to sufficiently describe any of the Geico Defendants' products, services, or activities that allegedly infringe the patents-in-suit, thereby depriving the Geico Defendants of the notice to which it is entitled under the Federal Rules.   Accordingly, the Geico Defendants respectfully request that the Court dismiss Katz's Complaint or, in the alternative, order Katz to provide a more definite statement describing the allegations against the Geico Defendants in reasonable detail sufficient to identify the claims and the accused products or systems.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By:     /s/ Francis G.X. Pileggi
      Francis G.X. Pileggi, Esquire (#2624)
      Citizens Bank Center, Suite 1300
      919 North Market Street
      Wilmington, DE   19801-2323
      Phone: (302) 655-3667
      Email: fpileggi@foxrothschild.com

-and-

14

WARD & OLIVO
John F. Ward, Esquire
David M. Hill, Esquire
Michael G. Gabriel, Esquire
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Email: wardj@wardolivo.com
          hilld@wardolivo.com
          gabrielm@wardolivo.com

Counsel for Defendants and Counterclaim Plaintiffs
GEICO CORPORATION, GOVERNMENT
EMPLOYEES INSURANCE COMPANY, GEICO
GENERAL INSURANCE COMPANY, GEICO
INDEMNITY COMPANY AND GEICO
CASUALTY COMPANY

Dated:  August 22, 2007

15

## CERTIFICATE OF SERVICE

I, Francis G. X. Pileggi, Esquire, hereby certify on this 22nd day of August 2007, that the Geico Defendants' Brief in Support of Motion to Dismiss Plaintiff's Complaint or, Alternatively, for a More Definite Statement has been served with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Andre G. Bouchard, Esq.
> John M. Seaman, Esq.
> Bouchard Margules & Friedlander, P.A.
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801

> ____ /s/ Francis G.X. Pileggi _____
> Francis G.X. Pileggi, Esquire (#2624)