## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY<br>LICENSING, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE<br>COMMUNICATIONS, LLC; COMCAST OF NEW<br>CASTLE COUNTY, LLC; COMCAST OF<br>DELMARVA, INC.; COMCAST OF EASTERN<br>SHORE, LLC; COMCAST OF CALIFORNIA II,<br>LLC; COMCAST OF CALIFORNIA/COLORADO,<br>LLC; COMCAST OF ARKANSAS/FLORIDA/<br>LOUISIANA/MINNESOTA/MISSISSIPPI/<br>TENNESSEE, INC.; COMCAST OF COLORADO/<br>PENNSYLVANIA/WEST VIRGINIA, LLC;<br>COMCAST OF FLORIDA/ILLINOIS/MICHIGAN,<br>INC.; COMCAST OF GARDEN STATE, L.P.;<br>COMCAST OF HOUSTON, LLC; GEICO<br>CORPORATION; GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY; GEICO GENERAL<br>INSURANCE COMPANY; GEICO INDEMNITY<br>COMPANY; GEICO CASUALTY COMPANY; XM<br>SATELLITE RADIO HOLDINGS INC.; XM<br>SATELLITE RADIO, INC.; XM RADIO, INC.; XM<br>EQUIPMENT LEASING, LLC;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 07-361 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
## REPLY TO COMCAST DEFENDANTS' COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P.

("Katz Technology Licensing") replies to the counterclaims of Defendants and Counterclaim-

Plaintiffs Comcast Corporation; Comcast Cable Communications, LLC; Comcast of New Castle

County, LLC; Comcast of Delmarva, Inc.; Comcast of Eastern Shore, LLC; Comcast of

California II, LLC; Comcast of California/Colorado, LLC; Comcast of

Arkansas/Florida/Louisiana/Minnesota/Mississippi/Tennessee, Inc.; Comcast of

Colorado/Pennsylvania/West Virginia, LLC; Comcast of Florida/Illinois/Michigan, Inc.;
Comcast of Garden State, L.P.; Comcast of Houston, LLC (collectively "the Comcast
Defendants") as follows:

## THE PARTIES

1.       On information and belief, Katz Technology Licensing admits that Comcast
Corporation is a Pennsylvania corporation having its principal place of business at 1500 Market
Street, Philadelphia, Pennsylvania 19102.

2.       On information and belief, Katz Technology Licensing admits that Comcast
Cable Communications, LLC is a Delaware limited liability company having its principal place
of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

3.       On information and belief, Katz Technology Licensing admits that Comcast of
New Castle County, LLC is a Delaware limited liability company having its principal place of
business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

4.       On information and belief, Katz Technology Licensing admits that Comcast of
Delmarva, Inc. is a Delaware corporation having its principal place of business at 1500 Market
Street, Philadelphia, Pennsylvania 19102.

5.       On information and belief, Katz Technology Licensing admits that Comcast of
Eastern Shore, LLC is a Delaware limited liability company having its principal place of
business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

6.       On information and belief, Katz Technology Licensing admits that Comcast of
California II, LLC is a Delaware limited liability company having its principal place of business
at 1500 Market Street, Philadelphia, Pennsylvania 19102.

7.       On information and belief, Katz Technology Licensing admits that Comcast of
California/Colorado, LLC is a Delaware limited liability company having its principal place of
business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

8.       On information and belief, Katz Technology Licensing admits that Comcast of
Arkansas/Florida/Louisiana/Minnesota/Mississippi/Tennessee, Inc. is a Delaware corporation

having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

9.     On information and belief, Katz Technology Licensing admits that Comcast of Colorado/Pennsylvania/West Virginia, LLC is a Delaware limited liability company having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

10.     On information and belief, Katz Technology Licensing admits that Comcast of Florida/Illinois/Michigan, Inc. is a Delaware corporation having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

11.     On information and belief, Katz Technology Licensing admits that Comcast of Garden State, L.P. is a Delaware limited partnership having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

12.     On information and belief, Katz Technology Licensing admits that Comcast of Houston, LLC is a Delaware limited liability company having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102.

13.     Katz Technology Licensing admits that it is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

## JURISDICTION AND VENUE

14.     Katz Technology Licensing admits that this action arises under the patent laws of 35 U.S.C. § 1, *et seq.* Katz Technology Licensing also admits that Comcast Counterclaim-Plaintiffs purport to bring their counterclaims for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, as alleged in Paragraph 14, but denies the viability of that request.

15.     Katz Technology Licensing admits that (1) this Court has jurisdiction over Comcast Counterclaim-Plaintiffs' counterclaims; (2) Katz Technology Licensing is a California limited partnership; and (3) Comcast Counterclaim-Plaintiffs allege that the controversy exceeds, exclusive of costs and interests, seventy-five thousand dollars. Katz Technology Licensing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and on that basis denies those allegations.

16.    Katz Technology Licensing admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, as alleged in Paragraph 16.

## COUNT I

17.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 16 of this Reply as if fully set forth herein.

18.    Katz Technology Licensing denies all allegations set forth in Paragraph 18.

## COUNT II

19.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 18 of this Reply as if fully set forth herein.

20.    Katz Technology Licensing denies all allegations set forth in Paragraph 20.

## COUNT III

21.    Katz Technology Licensing  realleges and incorporates by reference Paragraphs 1 through 20 of this Reply as if fully set forth herein.

22.    Katz Technology Licensing admits that as of October 15, 1996, Katz Technology Licensing entered into a written license agreement with Tele-Communications, Inc. ("TCI"). Katz Technology Licensing lacks knowledge or information sufficient to form a belief as to the truth of the statement that TCI is now known as Comcast Cable Holdings, LLC ("CCH") and on that basis denies such allegation.  As to the remaining allegations in Paragraph 22, Katz Technology Licensing responds that the agreement between Katz Technology Licensing and TCI speaks for itself and no further response is required.

23.    On information and belief, Katz Technology Licensing admits that TCI was a Delaware Corporation when TCI entered into a license agreement in October 1996 and the written modification of the license agreement, dated July 14, 1997.  Katz Technology Licensing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and on that basis denies those allegations.

24.    Katz Technology Licensing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies those allegations.

25.    As to the allegations in Paragraph 25, Katz Technology Licensing responds that the Complaint filed by Katz Technology Licensing against the Comcast Defendants speaks for itself and no further response is required.

26.    As to the allegations in Paragraph 26 relating to the terms of the license agreement with TCI, Katz Technology Licensing responds that the license agreement speaks for itself and no further response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 26.

27.    As to the allegations in Paragraph 27 relating to the terms of the license agreement with TCI, Katz Technology Licensing responds that the license agreement speaks for itself and no further response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 27.

28.    Katz Technology Licensing denies all allegations set forth in Paragraph 28.

29.    Katz Technology Licensing admits that it has received and accepted checks payable to it from: (1) TCI during the years 1996 through 2000; (2) AT&T Broadband during the years 2001 and 2002; and (2) Comcast Financial Agency Corporation during the years 2003 through 2007. Katz Technology Licensing further admits that certain checks from Comcast Financial Agency Corporation were received from Comcast Cable Communications, Inc. and the 2007 payment was received from Comcast Cable Communications, LLC. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 29.

30.    Katz Technology Licensing denies all allegations set forth in Paragraph 30.

31.    Katz Technology Licensing responds that the allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response may be required, Katz Technology Licensing denies all allegations set forth in Paragraph 31.

32.    Katz Technology Licensing denies all allegations set forth in Paragraph 32.

## COUNT IV

33.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 32 of this Reply as if fully set forth herein.

34.    Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and the Comcast Defendants relating to the Comcast Defendants' infringement of the patents identified in Paragraph 64 of Katz Technology Licensing's Complaint in this action.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 34.

## COUNT V

35.    Katz Technology Licensing  realleges and incorporates by reference Paragraphs 1 through 34 of this Reply as if fully set forth herein.

36.    Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and the Comcast Defendants relating to the Comcast Defendants' infringement of the patents identified in Paragraph 64 of Katz Technology Licensing's Complaint in this action.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 36.

37.    The allegations in Paragraph 37 constitute legal conclusions to which no response is required.

38.    Katz Technology Licensing denies all allegations set forth in Paragraph 38.

39.    Katz Technology Licensing admits that certain of the patents asserted against the Comcast Defendants in this action claim priority from other patents and applications that, depending upon the asserted patent, may include U.S. Patent Nos. 4,845,739 ("the '739 patent"), 5,014,298 ("the '298 patent"), 5,048,075 ("the '075 patent"), 5,073,929 ("the '929 patent"), 5,224,153 ("the '153 patent"), 5,359,645 ("the '645 patent"), 5,365,575 ("the '575 patent"), 5,787,156 ("the '156 patent"), 6,016,344 ("the '344 patent"), and U.S. Patent Application Nos. 06/753,299 ("the '299 application"), 07/342,506 ("the '506 application"), and 07/640,337 ("the '337 application").  The terms "relevant" and "related" as used in Paragraph 39 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in Paragraph 39.  Further, to the extent these terms are intended to allege legal relevance or the outcome of the Comcast Defendants' Counterclaims, the

allegations constitute legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 39.

40.    Katz Technology Licensing denies all allegations set forth in Paragraph 40.

## I.    ALLEGED FAILURE TO DISCLOSE PRIOR ART

41.    Katz Technology Licensing denies all allegations set forth in Paragraph 41.

### A.    The Barger Patent

42.    Katz Technology Licensing admits that on its face, U.S. Patent No. 4,071,698 ("the '698 patent") indicates that it was issued to Barger, Jr., *et al*. Katz Technology Licensing further admits that it had knowledge of the '698 patent in 1989. Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of the '739, '150, '298, '929, '984, and '252 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 42.

43.    Katz Technology Licensing admits that on its face, the '698 patent indicates that it was filed in the United States Patent and Trademark Office ("USPTO") on January 10, 1977. The remaining allegations in Paragraph 43 constitute legal conclusions to which no response is required.

44.    The term "material" in the first sentence of Paragraph 44 is vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that on its face, the '698 patent is titled "Telephone System For Audio Demonstration And Marketing Of Goods Or Services." As to the remaining allegations in Paragraph 44 relating to the system allegedly disclosed by the Barger patent, the '698 patent speaks for itself and no further response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 44.

45.     The allegations in Paragraph 45 relate to the system allegedly disclosed by the Barger patent; Katz Technology Licensing responds that the '698 patent speaks for itself and no further response is required.

46.     The terms "central features claimed," "material" and "relevance" as used in the first sentence of Paragraph 46 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent these terms are intended to allege legal materiality or relevance or other legal concepts, the allegations constitute legal conclusions to which no response is required.  As to the remaining allegations in Paragraph 46 relating to the system allegedly disclosed by the Barger patent, the '698 patent speaks for itself and no further response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 46.

47.     Katz Technology Licensing admits that in Appeal No. 94-0834, the Board of Patent Appeals and Interferences affirmed an Examiner's rejection of certain of Katz's pending claims in Application No. 07/640,337.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 47.

48.     Katz Technology Licensing admits that the '698 patent was cited in a Supplementary European Search Report dated December 27, 1988 during the prosecution of PCT Application No. WO 87/00375.  Katz Technology Licensing also admits that PCT Application No. WO 87/00375 claims priority to U.S. Patent Application No. 06/753,299.  Katz Technology Licensing further admits that the Supplementary European Search Report identified the '698 patent as a "category x" document.  The contents of that search report speak for themselves and the allegations relating to the report require no further response.  Katz Technology Licensing admits that a copy of the search report was sent to Mr. Graham F. Coles.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 48.

49.     Katz Technology Licensing admits that all of the patents that it has asserted against the Comcast Defendants in this action claim priority to United States Patent Application

No. 06/753,299, which was filed with the USPTO on July 10, 1985. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 49.

50.    Katz Technology Licensing admits that it is the owner of the Barger '698 patent by way of an assignment from First Data Resources, Inc. executed September 17, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 50.

51.    Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of the '739, '150, '298, '929, '984, and '252 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 51.

52.    Katz Technology Licensing denies that the '698 patent was not disclosed during the prosecution of the '285 patent. Katz Technology Licensing admits that the '698 patent was listed on an information disclosure statement dated September 20, 1994, filed in connection with U.S. Patent Application No. 08/047,241, which led to the issuance of the '285 patent. Katz Technology Licensing further admits that the '285 patent issued on September 27, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 52.

53.    Katz Technology Licensing denies all allegations set forth in Paragraph 53.

54.    Katz Technology Licensing denies all allegations set forth in Paragraph 54.

55.    Katz Technology Licensing admits that the '893 and '703 patents are among the patents asserted against the Comcast Defendants in this action. Katz Technology Licensing further admits that the '893 and '703 patents claim priority from other patents and applications that include the '150 and '285 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 55.

56.    Katz Technology Licensing admits that certain of the patents asserted against the Comcast Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 56.

57.    Katz Technology Licensing admits that the '134 patent is among the patents asserted against the Comcast Defendants in this action. Katz Technology Licensing further

admits that the '134 patent claims priority from other patents and applications that include the '153 and '298 patents. The terms "material," "unenforceable" and "inequitable conduct" in Paragraph 57 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the remaining allegations in that sentence. Further, to the extent these terms are intended to allege legal materiality or unenforceability or the legal characterization of Katz's alleged conduct, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 57.

58.     Katz Technology Licensing admits that the '734, '120, and '223 patents are among the patents asserted against the Comcast Defendants in this action. Katz Technology Licensing further admits that the '120, and '223 patents claim priority from other patents and applications that include the '929, '984 and '252 patents and the '734 patent claims priority from the '984 and '252 patents. Katz Technology Licensing further admits that terminal disclaimers were filed during the prosecution of the '734, '120, and '223 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 58.

59.     Katz Technology Licensing denies all allegations set forth in Paragraph 59.

**B.      The DeBruyn Patent**

60.     Katz Technology Licensing admits that on its face, European Patent No. 0032410 indicates that it was issued to DeBruyn. Katz Technology Licensing admits that European Patent No. 0032410 was not disclosed during the prosecution of the '150, '984, '285, '252, '739, and '929 patents. Katz Technology Licensing further admits that the patents asserted against the Comcast Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '150, '984, '285, '252, '739, and '929 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 60.

61.     Katz Technology Licensing admits that the European Patent Office published European Patent Specification EP0032410A1 on July 22, 1981. The remaining allegations in Paragraph 61 constitute legal conclusions to which no response is required.

62.    The term "material" as used in the first sentence of Paragraph 62 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required. The remaining allegations in Paragraph 62 relate to the system allegedly disclosed by European Patent No. 0032410; Katz Technology Licensing responds that European Patent No. 0032410 speaks for itself and no further response is required.

63.    The allegations in Paragraph 63 relate to the system allegedly disclosed by European Patent No. 0032410; Katz Technology Licensing responds that European Patent No. 0032410 speaks for itself and no further response is required.

64.    The terms "relevant" and "material" as used in Paragraph 64 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in Paragraph 64. Further, to the extent these terms are intended to allege legal relevance or materiality, the allegations constitute legal conclusions to which no response is required. The remaining allegations in Paragraph 64 relate to the system allegedly disclosed by European Patent No. 0032410; Katz Technology Licensing responds that European Patent No. 0032410 speaks for itself and no further response is required.

65.    Katz Technology Licensing admits that Canadian Patent No. 1,162,336 was cited in the Order Granting Request for Reexamination for each of U.S. Patent Nos. 5,561,707 ("the '707 patent"); 5,255,309 ("the '309 patent"); and 5,259,023 ("the '023 patent"). Katz Technology Licensing further admits that the Director Initiated Order for Reexamination with respect to the '309 patent states: "In view of the teachings of Canadian Patent 1,162,336 to DeBruyn, a substantial new question of patentability is raised as to claim 23 of U.S. Patent No. 5,255,309, and a reexamination of all the patent claims as to the substantial new question of patentability is appropriate." Katz Technology Licensing further admits that the '707 and '309 patents claim priority from, among other patents and applications, the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 65.

66.    Katz Technology Licensing admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,092 & 90/006,976), dated September 9, 2005, states that "Claims 23, 25-37, 41-43, 46, 50 and 51 are rejected under 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336, DeBruyn . . . ." Katz Technology Licensing further admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,092 & 90/006,976), dated September 9, 2005, rejected claims 1, 7-12, 14, 20, 24, 32, 38-42, 52-58 pursuant to 35 U.S.C. § 103(a) based in part or in whole on Canadian Patent No. 1,162,336. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 66.

67.    The term "materiality" as used in the first sentence of Paragraph 67 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that the Barger '698 patent and the DeBruyn patent, European Patent No. 0032410, were cited in a Supplementary European Search Report dated December 27, 1988 during the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing further admits that the Supplementary European Search Report identified European Patent 0032410 as a "category x" document. Katz Technology Licensing further admits that a copy of the search report was sent to Mr. Graham F. Coles. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 67.

68.    Katz Technology Licensing admits that European Patent No. 0032410 was not disclosed during the prosecution of the '150, '075, '739, '929, '984, and '252 patents. The terms "materiality" and "material prior art" as used in Paragraph 68 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the remaining allegations in Paragraph 68. Further, to the extent these terms are intended to allege legal materiality, the allegations constitute legal conclusions to which no

response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 68.

69.     Katz Technology Licensing denies that the DeBruyn patent was not disclosed during the prosecution of the '285 patent. Katz Technology Licensing admits that Canadian Patent No. 1, 162,336, issued to DeBruyn, was disclosed during the prosecution of the '285 patent on September 20, 1994. Katz Technology Licensing admits that the '285 patent issued on September 27, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 69.

70.     Katz Technology Licensing admits that the '150, '984, '252, and '285 patents have been asserted against the Comcast Defendants in this action. Katz Technology Licensing further admits that certain of the patents asserted against the Comcast Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739, '075 and '929 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 70.

71.     Katz Technology Licensing denies all allegations set forth in Paragraph 71.

72.     Katz Technology Licensing admits that certain of the patents asserted against the Comcast Defendants in this action claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 72.

73.     Katz Technology Licensing admits that the '893 and '703 patents are among the patents asserted against the Comcast Defendants in this action. Katz Technology Licensing further admits that the '893 and '703 patents claim priority from other patents and applications that include the '150 and '285 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 73.

74.     Katz Technology Licensing admits that the '120 and '223 patents are among the patents asserted against the Comcast Defendants in this action. Katz Technology Licensing further admits that the '120 and '223 patents claim priority from other patents and applications

that include the '929, '984 and '252 patents, and the '734 patent claims priority from the '984 and '252 patents. Katz Technology Licensing further admits that terminal disclaimers were filed during the prosecution of the '734, '120, and '223 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 74.

75.    Katz Technology Licensing denies all allegations set forth in Paragraph 75.

C.    **The Florafax Brochure**

76.    Katz Technology Licensing admits that a document dated January 22, 1986 that indicates that it was distributed by Florafax exists (the "Florafax brochure"). Katz Technology Licensing denies that the Florafax brochure was not disclosed to the USPTO during the prosecution of the '575 patent. Katz Technology Licensing admits that the Florafax brochure was disclosed to the USPTO during the prosecution of the '575 patent on September 16, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 76.

77.    The term "material" as used in the first sentence of Paragraph 77 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in Paragraph 77. Further, to the extent the term is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required. The remaining allegations in Paragraph 77 relate to the system allegedly disclosed by the Florafax brochure; Katz Technology Licensing responds that the Florafax brochure speaks for itself and no further response is required.

78.    The allegations in Paragraph 78 relate to the system allegedly disclosed by the Florafax brochure; Katz Technology Licensing responds that the Florafax brochure speaks for itself and no further response is required.

79.    Katz Technology Licensing admits that the Florafax brochure was produced in *First Data Resources Inc. v. West Interactive Corp.*, Civil Action No. 91-4471 -TJH (C.D. Cal.). Katz Technology Licensing denies all remaining allegations set forth in Paragraph 79.

80.    Katz Technology Licensing denies all allegations set forth in Paragraph 80.

81.    Katz Technology Licensing denies all allegations set forth in Paragraph 81.

82.    Katz Technology Licensing denies all allegations set forth in Paragraph 82.

83.    Katz Technology Licensing admits that the '703 patent claims priority from other patents and applications that include the '575 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 83.

**D.    International Application WO 87/00375**

84.    Katz Technology Licensing admits that the '285 patent is among the patents asserted against the Comcast Defendants in this action. Katz Technology Licensing denies that PCT Application No. WO 87/00375 ("the WO '375 application") was not disclosed to the USPTO during the prosecution of the '285 patent. Katz Technology Licensing admits that the issue fee for the '285 patent was paid on June 3, 1994. Katz Technology Licensing further admits that the WO '375 application was disclosed to the USPTO during the prosecution of the '285 patent on September 20, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 84.

85.    Katz Technology Licensing admits that the WO '375 application is titled "Statistical Analysis System for Use with Public Communication Facility." The remaining allegations in Paragraph 85 relate to the contents of the '299 patent and the system allegedly disclosed in the WO '375 application; Katz Technology Licensing responds that the '299 patent and the WO '375 application speak for themselves and that no further response is required.

86.    Katz Technology Licensing admits that the WO '375 application was filed pursuant to the Patent Cooperation Treaty ("PCT") and published on January 15, 1987. The remaining allegations in Paragraph 86 constitute legal conclusions to which no response is required.

87.    Katz Technology Licensing admits that the application that led to the '285 patent was filed on April 13, 1993. The allegations in the second and third sentences of Paragraph 87 relate to the contents of the '285 patent and the WO '375 application, which speak for themselves and as to which no further response is required. The remaining allegations in Paragraph 87 constitute legal conclusions to which no response is required.

88.     The terms "material," "materiality" and "relevant" in Paragraph 88 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent these terms are intended to allege legal materiality or relevance, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that PCT Application No. WO 87/00375 was cited by the examiner in an Office Action dated March 5, 1991 for U.S. Patent Application No. 07/425,779, which resulted in the issued '984 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 88.

89.     Katz Technology Licensing admits that the patent applicant had knowledge of the WO '375 application during prosecution of the '285 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 89.

90.     Katz Technology Licensing denies all allegations set forth in Paragraph 90.

**E.      The Periphonics References**

91.     Katz Technology Licensing denies the allegations set forth in the first sentence of Paragraph 91. Katz Technology Licensing lacks information and knowledge to answer the allegation that materials bearing Bates numbers W72807-W73756 were provided to Harold Wurst, Esq. of Nilsson, Wurst & Green in connection with *First Data Resources Inc. v. West Interactive Corp.*, CV 91-4471 TJH (C.D. Cal.) (the "West" case) and therefore denies it. Katz Technology Licensing admits that Byard Nilsson and Reena Kuyper, who were at one time affiliated with the Nilsson, Wurst & Green law firm, were involved in prosecuting certain of Mr. Katz's patent applications that ultimately issued as certain of the patents being asserted against the Southern Company Defendants. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 91.

92.     Katz Technology Licensing admits that the application for the '965 patent stated: "During the litigation of [the West case], a voluminous quantity of prior art, that is, some 500 items (including single or plural related documents grouped together), were identified by the defendant. However, during pretrial procedures, the defendant distilled the applied art to 59

separate items (including single or plural related documents)." U.S. Patent Application 08/306/456, Paper no. 3, filed November 4, 1994. Katz Technology Licensing further admits that the application also stated: "The voluminous quantity of art identified during litigation, excluding the 59 items (Set I), is listed on the second set of forms PTO-1449 (Supplemental I)." Paper no. 3, filed November 4, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 92.

93.     No response is required to the allegations in Paragraph 93 to the extent the allegations of Paragraph 93 refer to various patent applications, as the applications speak for themselves. To the extent any further response is required, Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies all remaining allegations in Paragraph 93.

94.     In response to the allegations of Paragraph 94, Katz Technology Licensing incorporates its responses to Paragraphs 92 and 93. Katz Technology Licensing further responds that it lacks sufficient information and knowledge to answer the remaining allegations set forth in Paragraph 94 and therefore denies them.

95.     Katz Technology Licensing is unable to ascertain the meaning of the allegation in Paragraph 95 that references are "highly relevant to many claims," and therefore denies them on the basis that Katz Technology Licensing lacks sufficient information and knowledge to answer such allegations. Further, to the extent that this phrase is meant to allege legal relevance, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing lacks information and knowledge to answer all remaining allegations set forth in Paragraph 95, and therefore denies them.

96.     Katz Technology Licensing denies all allegations set forth in Paragraph 96.

97.     To the extent the allegations of Paragraph 97 refer to the contents of various patents, Katz Technology Licensing responds that the patents speak for themselves and no further response is required. Katz Technology Licensing further admits that any patent term

subsequent to the term of the '739 patent has been disclaimed with respect to certain patents-in-suit. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 97.

98.    Katz Technology Licensing denies all allegations set forth in Paragraph 98.

## II.    ALLEGED FAILURE TO INFORM THE USPTO OF INCONSISTENT POSITIONS TAKEN DURING PROSECUTION

### a.    The Daudelin Patents

99.    Katz Technology Licensing admits that the Daudelin '955 patent; U.S. Patent Nos. 4,797,910 ("the Daudelin '910 patent"); and 4,922,519 ("the Daudelin '519 patent") were disclosed to the USPTO during prosecution of certain of the patents asserted against the Southern Company Defendants and of other patents. The remaining allegations of Paragraph 99 relate to the contents of the Daudelin '955, '910, and '519 patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required.

100.    Katz Technology Licensing denies all allegations set forth in Paragraph 100.

101.    Katz Technology Licensing admits that during prosecution of the '734 patent, certain documents, including the Daudelin '910 patent, were identified in a March 14, 1995 Supplemental Amendment, and that the patent applicant stated: "Of the above documents, those identified by a reference numeral D may be pertinent to DNIS capabilities and those identified by reference numeral A may be pertinent to ANI capabilities." Katz Technology Licensing further admits that the Daudelin '910 patent was not identified with a "D" or an "A" during prosecution of the '734 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 101.

102.    Katz Technology Licensing admits that during prosecution of the '551 patent, certain documents, including the Daudelin '910 patent, were identified in an October 2, 1996 Information Disclosure Statement, and that the patent applicant stated: "From all of the documents listed on the attached Forms PTO-1449, the Examiner's attention is particularly drawn to certain patents and references identified below that may be of possible interest to certain features of Applicant's system, such as ANI and/or DNIS. Each of the documents that

has some disclosure of DNIS or like function is indicated with a 'D' beside it. Each of the documents that has some disclosure of ANI or like function is indicated with an 'A' beside it." Katz Technology Licensing further admits that the Daudelin '910 patent was identified with a "D" during prosecution of the '551 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 102.

103.    Katz Technology Licensing admits that during prosecution of the '893 patent, certain documents, including the Daudelin '910 patent, were identified in a March 18, 1997 Information Disclosure Statement, and that the patent applicant stated: "From all of the documents listed on the attached Forms PTO-1449, the Examiner's attention is particularly drawn to certain patents and references identified below that may be of possible interest to certain features of Applicant's system, such as ANI, DNIS and/or of general interest. Each of the documents that has some disclosure of DNIS or some function whereby a called number is provided by a central ability is indicated with a 'D' beside it." Katz Technology Licensing further admits that the Daudelin '910 patent was identified with a "D" during prosecution of the '893 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 103.

104.    Katz Technology Licensing admits that the statement, "[a]lthough the present claims are variously distinct for a myriad of reasons, two significant reasons are that Daudelin does not teach DNIS nor does it teach displaying data entered by a caller at the operator terminal" was made by the patent applicant during the prosecution of the '360 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 104.

105.    Katz Technology Licensing denies all allegations set forth in Paragraph 105.

106.    Katz Technology Licensing admits that the '120, '065, and '223 patents are among the patents asserted against the Comcast Defendants in this action. Katz Technology Licensing further admits that the '120, '065, and '223 patents claim priority to one or more of the '551, '734, and '893 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 106.

107.     Katz Technology Licensing denies all allegations set forth in Paragraph 107.

**B.     The Riskin Patent**

108.     Katz Technology Licensing admits that on its face, U.S. Patent No. 4,757,267 indicates that it was issued to Riskin.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 108.

109.     Katz Technology Licensing admits that the statement, "[r]ecognizing that the Riskin patent discloses the utilization of ANI and DNIS signals to accomplish telephone routing, it is respectfully submitted that applicant's system involves entirely different philosophical considerations and structure" was made by the patent applicant during the prosecution of the '075 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 109.

110.     Katz Technology Licensing admits that U.S. Patent No. 4,757,267 was on a list of patents disclosed to the USPTO during the prosecution of the '120 patent.  Katz Technology Licensing admits that U.S. Patent No. 4,757,267 was indicated with an "A" beside it to indicate that it "may be pertinent to ANI capabilities."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 110.

111.     Katz Technology Licensing denies all allegations set forth in Paragraph 111.

112.     Katz Technology Licensing admits that the '223 patent is among the patents asserted against the Comcast Defendants in this action.  Katz Technology Licensing further admits that the '223 patent claims priority from the '120 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 112.

113.     Katz Technology Licensing denies all allegations set forth in Paragraph 113.

**III.     ALLEGED FAILURE TO IDENTIFY OR DISCLOSE INFORMATION FROM OTHER LITIGATIONS OR PROCEEDINGS**

114.     The allegations in Paragraph 114 constitute legal conclusions to which no response is required.

115.     Katz Technology Licensing denies all allegations set forth in Paragraph 115.

A.    *West Interactive Corp. v. First Data Resources, Inc.* Litigation

116.    Katz Technology Licensing admits that West Interactive Corp. brought a declaratory judgment action against First Data Resources, Inc. in the United States District Court for the District of Nebraska. Katz Technology Licensing further admits that West alleged that the '739, '150, and '773 patents were invalid. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 116.

117.    Katz Technology Licensing denies all allegations set forth in Paragraph 117.

118.    Katz Technology Licensing admits that it was aware of the *West Interactive Corp. v. First Data Resources, Inc.* litigation during the prosecution of certain of the patents asserted against the Comcast Defendants in this action. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 118.

119.    Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in the first sentence of Paragraph 119 and therefore denies them. The allegations set forth in the second sentence of Paragraph 119 are vague and uncertain and are therefore denied. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 119.

B.    *First Data Resources, Inc. v. 900 Million, Inc., et al.* Litigation

120.    Katz Technology Licensing admits that on October 9, 1990, First Data Resources, Inc. brought suit against 900 Million, Inc. and others in the United States District Court for the Central District of California for the alleged infringement of the '739, '150, and '773 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 120.

121.    Katz Technology Licensing admits that the defendants in the *First Data Resources, Inc. v. 900 Million, Inc., et al.* litigation brought a counterclaim alleging invalidity and unenforceability of the '739, '150, and '773 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 121.

122.    Katz Technology Licensing admits that certain of the patents asserted against the Comcast Defendants in this action claim priority to other patents and applications that include

the '739 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 122.

123.    The term "material information arising therefrom" in Paragraph 123 is so vague and ambiguous that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies these allegations.  Further, to the extent the term is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required.  Katz Technology Licensing admits that it was aware of the *First Data Resources, Inc. v. 900 Million, Inc.* litigation during the prosecution of certain of the patents asserted against the Comcast Defendants in this action.  Katz Technology Licensing denies all remaining allegations in Paragraph 123.

124.    Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in the first sentence of Paragraph 124 and therefore denies them.  The allegations set forth in the second sentence of Paragraph 124 are vague and uncertain and are therefore denied.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 124.

C.    *First Data Resources Inc. v. West Interactive Corp., et al.* Litigation

125.    Katz Technology Licensing admits that on August 20, 1991, First Data Resources, Inc. brought suit against West Interactive Corp and Fantasy Sports Concepts, Inc. in the United States District Court for the Central District of California for the alleged infringement of the '739, '150, and '298 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 125.

126.    Katz Technology Licensing admits that the defendants in the *First Data Resources Inc. v. West Interactive Corp., et al.* litigation brought a counterclaim alleging invalidity and unenforceability of the '739, '298, and '150 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 126.

127.    Katz Technology Licensing admits that the '984, '252, '285, '863, '551, '734, '576, '893, '120, '134, and '703 patents are among the patents asserted against the Comcast

Defendants in this action. Katz Technology Licensing further admits that certain of the '984, '252, '285, '863, '551, '734, '576, '893, '120, '134, and '703 patents claim priority to other patents and applications that may, depending upon the patent, include the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 127.

128.    Katz Technology Licensing admits that it was aware of the *First Data Resources, Inc. v. West Interactive Corp., et al.* litigation during the prosecution of the '984, '252, '285, '863, '551, '734, '576, '893, '120, '134 and '703 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 128.

129.    Katz Technology Licensing admits that the existence of the First Data Resources, Inc. v. West Interactive Corp. litigation and certain documents from that litigation were disclosed to Examiner Stella Woo during prosecution of the '285 patent. Katz Technology Licensing denies that Examiner Woo was unaware of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain document arising from that litigation during prosecution of the '734, '893, '120, '134 and '703 patents. Katz Technology Licensing further admits that the existence of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain documents from that litigation were disclosed to Examiner Thomas W. Brown during the prosecution of the '707 patent. Katz Technology Licensing denies that Examiner Brown was unaware of the litigation and certain documents arising from that litigation during prosecution of the '863 and '551 patents. The allegations set forth in the third sentence of Paragraph 129 are vague and uncertain and are therefore denied. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 129.

**D.    *Ronald A. Katz Technology Licensing, L.P. v. Micro Voice Applications, Inc., et al.* Litigation**

130.    Katz Technology Licensing admits that on February 9, 1999, Katz Technology Licensing brought suit against Micro Voice Applications, Inc. and others in the United States District Court for the Northern District of California for the alleged infringement of the '739,

'153, '252, '285, '863, '734, '023 and '707 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 130.

131.    Katz Technology Licensing admits that the defendants in the *Ronald A. Katz Technology Licensing, L.P. v. Micro Voice Applications, Inc., et al.* litigation alleged that the '739, '153, '252, '023, '285, '707, '863 and '734 patents were invalid and/or unenforceable. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 131.

132.    Katz Technology Licensing denies all allegations set forth in Paragraph 132.

133.    Katz Technology Licensing admits that the '065, '134 and '703 patents are among the patents asserted against the Comcast Defendants in this action. Katz Technology Licensing further admits that it was aware of the *Ronald A. Katz Technology Licensing, L.P. v. Micro Voice Applications, Inc., et al.* litigation during the prosecution of the '065, '134 and '703 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 133.

134.    Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in the first sentence of Paragraph 134 and therefore denies them. The allegations set forth in the second sentence of Paragraph 134 are vague and uncertain and are therefore denied. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 134.

E.    ***Ronald A. Katz Technology Licensing, L.P., et al. v. A T& T Corp., et al.*** **Litigation**

135.    Katz Technology Licensing admits that on July 8, 1997, Katz Technology Licensing brought suit against AT&T Corp. and others in the United States District Court for the Northern District of California for the alleged infringement of the '739, '150, '298, '075, '929, '984, '631, '153, '252, '309, '023, '285, '645, '120, '707 and '863 patents and United States Patent No. 5,349,633 ("the '633 patent"). Katz Technology Licensing denies all remaining allegations set forth in Paragraph 135.

136.    Katz Technology Licensing admits that AT&T alleged that the '739, '150, '298, '075, '929, '984, '631, '153, '252, '309, '023, '285, '645, '120, '707, '863 and '633 patents were invalid. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 136.

137.    Katz Technology Licensing denies all allegations set forth in Paragraph 137.

138.    Katz Technology Licensing admits that it has asserted the '762, '893 and '120 patents against the Comcast Defendants in this action and it was aware of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp. et al.* litigation during the prosecution of the '762, '893 and '120 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 138.

139.    Katz Technology Licensing admits that it has asserted the '762, '893 and '120 patents against the Southern Company Defendants and that the existence of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp.* litigation and certain documents from that litigation were disclosed to Examiner Stella Woo during prosecution of the '021, '134 and '703 patents. Katz Technology Licensing denies that Examiner Woo was unaware of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp.* litigation and certain document arising from that litigation during prosecution of the '762, '893 and '120 patents. The allegations set forth in the second sentence of Paragraph 139 are vague and uncertain and are therefore denied. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 139.

**F.    Patent Interference No. 103,697**

140.    Katz Technology Licensing admits that Patent Interference No. 103,697 was declared on February 13, 1996. Katz Technology further admits that a decision in Patent Interference No. 103,697 was issued on November 20, 1996. Katz Technology Licensing also admits that the Board of Patent Appeals and Interferences found that certain limitations of count 1 of Patent Interference No. 103,697 were not entitled to the benefit of the filing date of the '968 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 140.

141.    The term "material to the patent examiners" in Paragraph 141 is so vague and ambiguous that Katz Technology Licensing lacks sufficient information and knowledge to

respond and therefore denies these allegations. Further, to the extent the term is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that the '863, '734, '762, '893, '120, and '134 patents claim priority to other patents and applications that include the '968 patent. Katz Technology Licensing further admits that terminal disclaimers were filed during the prosecution of the '863, '551 and '134 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 141.

142. Katz Technology Licensing admits that Patent Interference No. 103,697 was not expressly brought to the attention of the patent examiners during the prosecution of the '863, '734, '762, '893, '120, and '134 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 142.

143. Katz Technology Licensing denies all allegations set forth in Paragraph 143.

## IV.    ALLEGED FAILURE TO INFORM PATENT EXAMINERS OF FINDINGS

144. The allegations in Paragraph 144 relate to the Manual of Patent Examining Procedure; Katz Technology Licensing responds that the Manual speaks for itself and no further response is required.

### A.    Findings in Related Patent Prosecutions

145. Katz Technology Licensing admits that during prosecution of the '344 patent, the patent applicant asserted that the '968 patent specification supported the claim limitation "automatic number identification (ANI) decoder means responsive to predetermined signals on said telephone trunk for providing a calling party identification number." Katz Technology Licensing further admits that in a Request for Information under 37 CFR 1.607, filed a part of the prosecution of the '344 patent, the statement, "[r]eferences cited are based on U.S. Patent No. 4, 792, 968 to Katz with a filing date on Feb. 14, 1987, of which the present application is a continuation" appeared in a footnote. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 145.

146.    .Katz Technology Licensing admits that in a May 16, 1990 non-final Office Action issued during the prosecution of the '344 patent, the examiner stated that, "the present application is not a continuation of '968." Katz Technology Licensing further admits that the '344 patent is a continuation of the '739 patent, which is a continuation-in-part of the '968 patent. Katz Technology Licensing further admits that in the May 16, 1990 Office Action, the examiner states: "Applicants refer (R/l, bottom half of page 25) to '968's allusion (at column 5, lines 57-61) to '[Telephone number] data [which] could be taken directly from the system as it is available in certain telephone apparatus of the facility C.' The examiner concedes that one of ordinary skill in the art would expect the cited patent passage to be referring to ANI signals available in many central offices; however, applicant's patent does not in fact disclose or describe any 'automatic number identification (ANI) decoder means' . . . ." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 146.

147.    Katz Technology admits that Patent Interference No. 103,697 involves the '344 patent and is therefore part of the prosecution of the '344 patent. Katz Technology Licensing further admits that the patent applicant asserted that the '968 patent specification supported the claim limitation "means connected to said interface switching means for directly providing a caller telephone number from said telephone facility." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 147.

148.    The allegations set forth in Paragraph 148 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and therefore denies those allegations.

149.    Katz Technology Licensing admits that Count I of Patent Interference 103,697 was awarded to Szlam, et al. The terms "repudiation," "material" and "lacking by the Board" in Paragraph 149 are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies them. Further, to the extent those terms are intended to allege legal repudiation or materiality, the allegations constitute legal conclusions to which no response is required. The last sentence of Paragraph 149 relates to

Count 1 of Patent Interference; the contents of Count 1 speak for themselves and no further response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 149.

150.    Katz Technology Licensing admits that during prosecution of the '156 patent, the patent applicant submitted a listing of the claim limitations of application claim 56 and corresponding "Example Disclosure Locations in the '968 Patent." Katz Technology Licensing further admits that during prosecution of the '156 patent, the patent applicant argued that the '968 patent specification supported the claim limitation in application claim 56 that begins with "interface means." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 150.

151.    Katz Technology Licensing admits that during the prosecution of the '156 patent, the patent applicant did not expressly inform the USPTO of the USPTO's own earlier decision with respect to patent claims in other, prior patent applications. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 151.

152.    Katz Technology Licensing denies all allegations set forth in Paragraph 152.

153.    Katz Technology Licensing admits that during prosecution of the '965 patent, the applicant stated "Claim 68, as amended, requires receiving a customer identification number for a caller that may be utilized to access a file for the individual caller, testing at least a portion of it for approval, and transferring a call from an individual caller to an operator attended terminal and displaying at least a portion of data stored in a file to the operator under control of the customer identification number to allow the operator to complete the call. Claim 68, as amended, is fully supported by Applicant's earlier parent patent no. 4,792,968, which was filed on February 24, 1987, before either Szlam et al. or Masson et al. filed their applications for patent." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 153.

154.    Katz Technology Licensing denies all allegations set forth in Paragraph 154.

155.    Katz Technology Licensing denies all allegations set forth in Paragraph 155.

156.    Katz Technology Licensing denies all allegations set forth in Paragraph 156.

157.    Katz Technology Licensing admits that in rejecting application claim 29 pursuant to 35 U.S.C. § 112 during the prosecution of the '551 patent, the examiner stated that, "[t]he text actually is not found to describe how the interaction between the caller and the operator would proceed after the caller has been transferred thereto for 'person-to-person' interaction, much less that such interaction necessarily would result in data entries being transferred to the memory. However, the apparent intention of the disclosure as a whole is that such 'person-to-person' interaction between the caller and the operator after the transfer would be operationally similar to the fully-automatic interaction which is described in some detail." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 157.

158.    Katz Technology Licensing admits that the '065 patent is a continuation of the '551 patent. Katz Technology Licensing further admits that the '360 patent is a continuation of the '065 patent. Katz Technology Licensing further admits that Examiner Weaver was involved in the prosecution of the '065 and '360 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 158.

159.    Katz Technology Licensing denies all allegations set forth in Paragraph 149.

**B.    Findings From Appeal Rulings**

160.    Katz Technology Licensing admits that certain Appeal Rulings of patents related to the patents asserted against the Comcast Defendants upheld rejections made by the patent examiner. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 160.

161.    The allegations in Paragraph 161 relate to the decision of the Board of Patent Appeals and Interferences in Appeal No. 94-0834; Katz Technology Licensing responds that the decision speaks for itself and no further response is required.

162.    The allegations set forth in Paragraph 162 constitute legal conclusions to which no response is required.

163.    Katz Technology Licensing admits that during the prosecution of the '846, '156, '734, '576, '762, '893, '120, '021, '065, '134 and '703 patents, the patent applicant did not

expressly inform the USPTO of the USPTO's own earlier decisions with respect to patent claims in related patent applications. The remaining allegations set forth in Paragraph 163 constitute legal conclusions to which no response is required.

    164. Katz Technology Licensing denies all allegations set forth in Paragraph 164.

    165. Katz Technology Licensing denies all allegations set forth in Paragraph 165.

## V.   CLAIMS OF PRIORITY

    166. Katz Technology Licensing denies all allegations set forth in Paragraph 166.

    167. Katz Technology Licensing admits that the '734 patent is a continuation of the '252 patent, which is a continuation of the '984 patent. Katz Technology Licensing further admits that during prosecution of the '984 patent, the patent applicant stated that the "Katz reference (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968. In that regard, as now recited in the specification, the present application is a continuation-in-part of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258 (now patent 4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which is a continuation-in-part of Serial No. 753,299 which is the equivalent of the reference. Accordingly, the international application is not properly a reference against the present case." Katz Technology Licensing admits that the WO '375 application was published more than one year prior to the actual filing date of the '734 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 167.

    168. Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 during the prosecution of the '734 patent, the patent applicant stated, "[t]he reference by Hester bears a date of 1985, apparently 'September'. In that regard, it is noteworthy that the present application is related to a parent case filed July 10, 1985." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 168.

    169. Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 during the prosecution of the '734 patent, the patent applicant stated "U.S. Patent No. 4,797,913 (Kaplan et al.) is directed to a telephonic vending system involving the use

of (ANI) information for qualification (column 2, line 50). However, it should be noted that in that regard, the present application is entitled to a priority date earlier than that of the subject reference." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 169.

170.    Katz Technology Licensing denies all allegations set forth in Paragraph 170.

171.    Katz Technology Licensing admits that it has asserted the '120 and '223 patents against the Comcast Defendants in this action. Katz Technology Licensing further admits that the '120 and '223 patents claim priority from other patents and applications that include the '984 and '734 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 171.

## VI.    CONCLUSION

172.    Katz Technology Licensing denies all allegations set forth in Paragraph 172.

173.    Katz Technology Licensing denies all allegations set forth in Paragraph 172.

### PRAYER FOR RELIEF ON COMCAST DEFENDANTS' COUNTERCLAIMS

Katz Technology Licensing respectfully requests that, in response to the Comcast Defendants' Counterclaims, this Court:

1.    Dismiss the Comcast Defendants' Counterclaims with prejudice;

2.    Adjudge that the Comcast Defendants are not entitled to any relief, including any of the relief requested in their prayer for relief; and

3.    Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

By
Andre G. Bouchard (I.D. No. 2504)
Dominick T. Gattuso (I.D. No. 3630)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
dgattuso@bmf-law.com
*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*


OF COUNSEL:

HELLER EHRMAN LLP

Robert T. Haslam
Andrew C. Byrnes
275 Middlefield Road
Menlo Park, CA 94025-3506
Telephone: 650.324.7000
robert.haslam@hellerehrman.com
andrew.byrnes@hellerehrman.com

Michael K. Plimack
Dale A. Rice
333 Bush Street
San Francisco, CA 94104-2878
Telephone: 415.772.6000
michael.plimack@hellerehrman.com
dale.rice@hellerehrman.com


DATED: September 13, 2007