## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 07-361 (JJF) |
| COMCAST CORPORATION, et al. | ) ) | |
| Defendants. | ) ) ) | |

### PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
### OPPOSITION TO THE GEICO DEFENDANTS' MOTION TO DISMISS

BOUCHARD MARGULES & FRIEDLANDER, P.A.
Andre G. Bouchard (I.D. No. 2504)
Dominick T. Gattuso (I.D. No. 3630)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
dgattuso@bmf-law.com

*Attorneys for Plaintiff*
Ronald A. Katz Technology Licensing, L.P.

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
415.772.6000

Dated: September 24, 2007

# TABLE OF CONTENTS

Page

I.      STATEMENT OF PROCEEDINGS ...................................................................................1

II.     SUMMARY OF ARGUMENT .........................................................................................1

III.    STATEMENT OF FACTS ................................................................................................2

IV.     ARGUMENT.....................................................................................................................4

        A.      Katz's Pre-Litigation Offer To License Its Patents To
                GEICO Was Enough To Satisfy 35 U.S.C. § 287(a). .............................................4

        B.      Katz Has Satisfied the Notice Pleading Requirement of
                Rule 8. .....................................................................................................................7

                1.      Katz Has Satisfied Rule 8 by Separately
                        Alleging the Who, What And How of GEICO's
                        Infringement...................................................................................................8

                2.      GEICO Attempts To Impose a Heightened
                        Pleading Requirement on Katz. .....................................................................9

                        a.      Claim-Specific Infringement Contentions Will Be
                                Developed as the Case Proceeds.......................................................10

                        b.      Katz Has Sufficiently Identified GEICO's Infringing
                                Systems and Services........................................................................12

                        c.      Katz Properly Pleads Vicarious Infringement as an
                                Appropriate Alternative Theory Against GEICO. ...........................14

V.      CONCLUSION................................................................................................................15

## TABLE OF AUTHORITIES

**Page**

### CASES

*Bay Indus. v. Tru-Arx Mfg.*,
  2006 U.S. Dist. LEXIS 86757 (E.D. Wis. Nov. 29, 2006) ...................................... 12, 13

*Bell Atl. Corp. v. Twombly*,
  127 S. Ct. 1955 (2007).......................................................................................... 7

*CFMT, Inc. v. Yieldup Int'l Corp.*,
  1996 U.S. Dist. LEXIS 22795 (D. Del. April 5, 1996)................................................. 11

*Concha v. London*,
  62 F.3d 1493 (9th Cir. 1995) ....................................................................................... 15

*Conley v. Gibson*,
  355 U.S. 41 (1957)......................................................................................................... 7

*Deutsch v. Flannery*,
  823 F.2d 1361 (9th Cir. 1987) ..................................................................................... 15

*Erickson v. Pardus*,
  127 S. Ct. 2197 (2007).................................................................................................... 7

*Gart v. Logitech, Inc.*,
  254 F.3d 1334 (Fed. Cir. 2001)................................................................................... 2, 6

*Gen-Probe, Inc. v. Amoco Corp.*,
  926 F. Supp. 948 (S.D. Cal. 1996)........................................................................... 12, 14

*Hanson v. Alpine Valley Ski Area, Inc.*,
  718 F.2d 1075 (Fed. Cir. 1983)..................................................................................... 5

*Homsey v. Vigilant Ins. Co.*,
  2007 U.S. Dist. LEXIS 55399 (D. Del. July 31, 2007) .................................................. 8

*Houlihan v. Sussex Tech. Sch. Dist.*,
  461 F. Supp. 2d 252 (D. Del. 2006)............................................................................. 11

*In re Papst Licensing GmbH Patent Litig.*,
  2001 WL 179926 (E.D. La. Feb. 22, 2001) ............................................................ 12, 14

*Interdigital Tech. Corp. v. OKI America, Inc.*,
  845 F. Supp. 276 (E.D. Pa. 1994) .................................................................................. 13

*Iqbal v. Hasty*,
  490 F.3d 143 (2d Cir. 2007)........................................................................................... 8

*Lans v. Digital Equipment Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001)...................................................................................... 6

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
  507 U.S. 163 (1993)........................................................................................................ 7

*Martek Biosciences Corp. v. Nutrinova Inc.*,
  2004 U.S. Dist. LEXIS 20469 (D. Del. October 8, 2004) ............................................ 12

*Maxwell v. J. Baker, Inc.*,
  86 F.3d 1098 (Fed. Cir. 1996)........................................................................................ 5

*McZeal v. Sprint Nextel Corp.*,
  __ F.3 __, 2007 U.S. App. LEXIS 22025 (Fed. Cir. Sept. 14, 2007) ................ 8, 10, 11

*Mescall v. Tully*,
  91 Ind. 96 (1883)........................................................................................................... 11

*Ondeo Nalco Co. v. EKA Chems., Inc.*,
  2002 WL 1458853 (D. Del. June 10, 2002).................................................................. 14

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
  38 F.3d 1380 (3d Cir. 1994)........................................................................................... 4

*Phonometrics, Inc. v. Hospitality Franchise Sys.*,
  203 F.3d 790 (Fed. Cir. 2000)............................................................................... 8, 9, 10

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,
  127 F.3d 1462 (Fed. Cir. 1997).................................................................................. 2, 6

*State Contracting & Engineering Corp. v. Condotte Am., Inc.*,
  346 F.3d 1057 (Fed. Cir. 2003)...................................................................................... 5

*Swierkiewicz v. Sorema*,
  534 U.S. 506 (2002)..................................................................................................... 7, 8

*United States v. Sequel Contractors, Inc.*,
  402 F. Supp. 2d 1142 (C.D. Cal. 2005) ....................................................................... 11

*Usher v. Los Angeles*,
  828 F.2d 556 (9th Cir. 1987) ......................................................................................... 4

*Winn Inc. v. Eaton Corp.*,
   272 F. Supp. 2d 968 (C.D. Cal. 2003) ........................................................................... 12

## RULES

Fed. R. Civ. Proc. 12(e) (2007) ...................................................................................... 11

Fed. R. Civ. Proc. 8(a)(2) ........................................................................................... 7, 9

Fed. R. Civ. Proc. 84 ............................................................................................. 8, 9, 13

## OTHER AUTHORITIES

5 Charles Alan Wright & Arthur R. Miller,
   Fed. Prac. & Proc. Civ. § 1219 (3rd ed. 2007) ............................................................. 11

## I.    STATEMENT OF PROCEEDINGS

In its amended complaint, Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz") alleges a separate claim for relief against each of three defendant groups in this action with regard to their infringing interactive call processing systems and services. (Plaintiff's August 7, 2007 Amended Complaint for Patent Infringement (D.I. 20) ("Am. Compl."), ¶¶ 62-85.)  In response, the two other defendant groups have answered the amended complaint.  (D.I. 21, 25.)  The remaining defendant group – GEICO Corporation, Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company ("GEICO Defendants") – has moved to dismiss or to require a more definite statement, arguing that it is "unable to answer or otherwise respond to the Complaint as drafted." (The GEICO Defendants' August 22, 2007 Brief (D.I. 24) ("GEICO Brief"), 2.)

Katz's Complaint identifies the patents infringed by each defendant group, the specific entities infringing those patents and the services each group of defendants offers through their infringing interactive call processing systems.  The other defendant groups found these allegatons sufficient to answer the Complaint and assert counterclaims against Katz.  GEICO also has been provided with sufficient pre-filing notice and notice of the claims against it and its motion to dismiss should be denied.

## II.    SUMMARY OF ARGUMENT

1.    GEICO contends that Katz did not provide sufficient pre-litigation notice under § 287(a) of the Patent Act that GEICO's interactive call processing systems infringe Katz's patents and therefore cannot recover damages with regard to the fifteen expired patents-in-suit.  To the contrary, Katz specifically alleges that it "has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any other patents-in-suit." (Am. Compl., ¶ 38.) Pre-litigation efforts to license a patented invention are sufficient to provide the actual notice that may be required under § 287(a). *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,

- 1 -

127 F.3d 1462, 1470 (Fed. Cir. 1997); *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345-46 (Fed. Cir. 2001). GEICO cites no authority to the contrary. In fact, the only authority it cites on sufficiency of § 287 notice supports Katz's argument that its allegations are sufficient.

2.    GEICO's argument that Katz has not adequately pleaded its claims under Federal Rule of Civil Procedure 8 is equally unavailing. In its Complaint, Katz identifies the patents-in-suit by United States patent number and name. Katz then specifically alleges, separately for each defendant group, how that defendant group's interactive call processing systems infringe the patents-in-suit. Finally, Katz separately identifies the specific patents infringed by each defendant group. (*E.g.*, Am. Compl., ¶¶ 73, 75.) Contrary to GEICO's argument (for which it offers no authority), Katz need not detail, at the pleading stage, the specific claims of the patents-in-suit that GEICO has infringed. Moreover, Katz has alleged its claims separately with regard to the different groups of defendants, including specific allegations about GEICO. Katz's allegations are more than sufficient to satisfy Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

## III.    STATEMENT OF FACTS

Ronald A. Katz ("Mr. Katz"), the founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people. (Am. Compl., ¶ 27.) Plaintiff Katz is the owner of over fifty (50) patents invented by Mr. Katz in the field of interactive call processing. (Am. Compl., ¶ 31.) The marketplace has widely recognized the value of Mr. Katz's inventions and, to date, Katz has licensed the Katz patent portfolio to over one-hundred fifty companies, including IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. (Am. Compl., ¶ 37.)

- 2 -

GEICO offers services to its customers through interactive call processing systems that practice the inventions of the patents-in-suit. Prior to filing suit, Katz attempted to engage in licensing negotiations with GEICO. As alleged in the complaint, "Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any other patents-in-suit." (Am. Compl., ¶ 38.) Katz filed suit because its efforts to negotiate a license were unsuccessful. In this action, it also sued two other defendant groups.

GEICO portrays Katz's allegations as lacking specificity as to the basis for Katz's claims against GEICO.[1] Actually, Katz's complaint specifically alleges a separate cause of action for each of three defendant groups, how each group has infringed Katz's rights, and what patents they have infringed. Katz describes in detail, for example, the GEICO automated customer service systems that infringe the patents-in-suit:

On information and belief, the GEICO Defendants use infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances in connection with operators, the GECIO Defendants allow their customers to access information about their policies, make payments, order new identification cards, establish or change their personal identification numbers, verify insurance coverage, and perform various other functions.

(Am. Compl., ¶ 72.) Katz then individually identifies each of the patents that GEICO's automated customer services systems at issue infringe. (Am. Compl., ¶ 73.)

Katz also has sued dozens of other defendant groups that have declined to take a license for its patents, with actions filed in this Court and a number of other districts. Most of those actions have been transferred to MDL 1816 pending in the Central District

---

[1] GEICO Brief, 9 ("Katz's Complaint fails to allege any identifiable conduct on the part of the Geico Defendants that would give rise to any liability for infringement of the asserted patents."); *id.* ("Katz's only allegations of infringement reference nothing more than 'Accused GEICO Services' and 'automated call processing systems.'"); *id.* at 11 ("[T]he mere identification of "automated call processing services" is so vague that it constitutes no notice of what, if any actions are alleged to infringe . . . .").

of California, including six actions transferred to MDL 1816 from the District of
Delaware in March 2007. This action has not yet been transferred because the Comcast
Defendants have asked to have a license-related counterclaim severed to remain in this
Court along with a separate license-related action filed against Katz. None of the
defendants in this action have objected to transfer of Katz's infringement claims and
those claims therefore will be transferred to MDL 1816 once Comcast's motion to
partially vacate is decided by the Judicial Panel on Multidistrict Litigation. That motion
is set for the September 27, 2007 Hearing Session.

## IV.    ARGUMENT

GEICO's motion to dismiss is based on feigned confusion and, in any event, does
not meet the high standard that applies. On a motion to dismiss under Rule 12(b)(6), this
Court must "accept all allegations of fact as true and draw all reasonable inferences in
[Katz's] favor" to assess whether Katz has any grounds for relief, *Oshiver v. Levin,
Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994) (reversing grant of
motion to dismiss by drawing inferences in plaintiff's favor); *Usher v. Los Angeles*, 828
F.2d 556 (9th Cir. 1987) (same). GEICO, however, ignores the complaint's allegations
of pre-litigation offers to license the Katz portfolio, which satisfy 35 U.S.C. § 287(a).
(*Infra* at Part III.A.) GEICO also disregards Rule 8's authorization of a short plain
statement, which Katz clearly provides when stating a separate claim against each
defendant group, identifying the patents-in-suit and explaining how each defendant group
has infringed those patents. (*Infra* at Part III.B.) GEICO's motion to dismiss should be
denied.

### A.    Katz's Pre-Litigation Offer To License Its Patents To GEICO Was Enough To Satisfy 35 U.S.C. § 287(a).

GEICO argues that the claim against it must be dismissed "with regard to the
Expired Patents, because Katz did not inform the Geico Defendants of infringement

- 4 -

before its monopoly on the Expired Patents lapsed." (GEICO Brief, 5.) The argument

relies on 35 U.S.C. § 287(a) of the Patent Act, which reads:

> Patentees, and persons making, offering for sale, or selling within the
> United States any patented article for or under them or importing any
> patented article into the United States, may give notice to the public that
> the same is patented, either by fixing thereon the word "patent" or the
> abbreviation "pat.", together with the number of the patent, or when from
> the character of the article, this cannot be done, by fixing to it, or to the
> package wherein one or more of them is contained, a label containing a
> like notice. In the event of a failure to so mark, no damages shall be
> recovered by the patentee in any action for infringement, except on proof
> that the infringer was notified of the infringement and continued to
> infringe thereafter, in which event damages may be recovered only for
> infringement occurring after such notice. Filing of an action for
> infringement shall constitute such notice.

With this language, Congress first sets out a test for whether notice is required at all. For

§ 287(a) to apply, the patentee or its licensees must make, offer for sale or sell a

"patented article," *i.e.*, a tangible product that can be marked. *State Contracting &*

*Engineering Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1073 (Fed. Cir. 2003). Section

287(a) does not apply to method patents or patents where only method claims are found

to be infringed. *Id.*; *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1083 (Fed.

Cir. 1983).[2] Next, Congress describes how a patentee can meet that notice requirement

(if applicable) either through patent marking or, failing that, by providing actual notice to

an alleged infringer.[3]

---

[2] Surprisingly, in its quotation of 35 U.S.C. § 287(a), GEICO omits the first sentence of
the section. Because there are patents-in-suit that include method claims, either solely or
in conjunction with apparatus claims, and because discovery has not yet clearly revealed
which claims GEICO infringes, it is entirely possible that the marking requirement of 35
U.S.C. § 287(a) will not apply to some or all of the patents-in-suit. *See, e.g.*, U.S. Patent
No. 4,792,968.

[3] GEICO's quotation of § 287(a) also inexplicably omits the beginning of the second
sentence, which states: "In the event of a failure to so mark . . . ." Because Katz has
pleaded that it has licensed its patent portfolio over 150 times, the Court can reasonably
infer that Katz has taken reasonable measures to ensure its licensees comply with 35
U.S.C. § 287(a)'s marking requirement, to the extent that marking was necessary and
feasible. "When the failure to mark is caused by someone other than the patentee, the
court may consider whether the patentee made reasonable efforts to ensure compliance
with the marking requirements." *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed.
Cir. 1996). Based on this reasonable inference, Katz has satisfied any pleading

(continued . . .)

In two controlling opinions, the Federal Circuit has held that the actual notice provision of § 287(a) is met when a patentee does three things: (1) informs the infringer of the identity of the patent(s); (2) informs the infringer of the activity that is believed to be an infringement; and (3) makes a license offer. *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997); *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345-46 (Fed. Cir. 2001). GEICO's only authority discussing the sufficiency of notice is *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1327 (Fed. Cir. 2001). (GEICO Brief, 5.) *Lans* – which holds that a corporate patent holder cannot provide notice through one of its employees who is acting is his or her personal capacity – reinforces *SRI* and *Gart*. It reasons that the purpose of the notice requirement is to "permit[] the alleged infringer to contact the patentee about an amicable and early resolution of the potential dispute" and "to negotiate a valid license." 252 F.3d at 1327.

Under *SRI* and *Gart*, Katz has met its obligations under § 287(a). In its complaint, Katz specifically alleges: "Each of the defendants employs the inventions of certain patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit." (Am. Compl., ¶ 38.)

By ignoring this paragraph and arguing that Katz "failed to provide actual notice to the Geico Defendants," GEICO engages in unfortunate gamesmanship – wasting the Court's and Katz's time. During discovery, GEICO may attempt to develop facts related to these licensing negotiations. However, at this stage of the litigation, Katz has clearly satisfied its burden of pleading a claim with regard to the expired patents.

_____

(. . . continued)

requirement that it has regarding notice pursuant to the constructive notice provision of § 287(a).

## B. Katz Has Satisfied the Notice Pleading Requirement of Rule 8.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Nothing more is required because the purpose of a complaint under the federal rules is merely "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), with approval). Accordingly, allegations containing "[s]pecific facts are not necessary." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). As the Supreme Court recently affirmed, "[w]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Using this "simplified" standard, federal courts rely on discovery and summary judgment motions "to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (reversing grant of motion to dismiss); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993) (same).

Turning to Katz's patent infringement complaint, Katz has specifically identified and stated a separate claim against each defendant, revealed what patents they have infringed, and described how they have infringed those patents. These allegations give notice of the nature of the claims against GEICO that are plausible on the face of the Complaint.[4] (*Infra* at Part III.B.1.) GEICO's arguments to the contrary either

---

[4] The Supreme Court's decision in *Twombly* has recently given increased attention to the long-standing requirement that a claim for relief be "plausible." It did so when applying the concept to a specialized area of antitrust law. The plaintiffs alleged an unlawful agreement among the defendant competitors to divide markets. The plaintiffs based their allegations of "agreement" on "parallel" conduct by the competitors – i.e., allegations that each refrained from competing in the others' primary geographic area of operation. Courts have long recognized that competitors can achieve that result lawfully, by unilaterally refraining from competition as long as their competitors do the same – through "conscious parallelism." Accordingly, the Court held that bare allegations of conspiracy and parallel conduct are not enough to establish a plausible claim. Here, plausibility is not an issue. It is entirely plausible that (a) Katz owns patents for interactive call processing systems, and (b) GEICO's automated customer service

(continued . . .)

misconstrue the complaint or attempt to impose a heightened pleading requirement on Katz. (*Infra* at Part III.B.2.)

### 1.    Katz Has Satisfied Rule 8 by Separately Alleging the Who, What And How of GEICO's Infringement.

Under Rule 8's notice pleading requirement, a plaintiff in a patent infringement action need not plead facts with specificity. *See Swierkiewicz*, 534 U.S. at 513 (holding that Rule 8 applies to "all civil actions, with limited exceptions" such as fraud). Instead, the complaint merely needs to contain allegations identifying (a) the patents that have been infringed, (b) ownership, (c) the party that has infringed the patent, (d) how the infringement occurred, and (e) what theory of patent law the claim arises under. *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (reversing grant of motion to dismiss); Fed. R. Civ. Proc. 84 & Appendix Form 16.

In *Phonometrics* the Federal Circuit relied on Rule 8 to reverse the grant of a motion to dismiss a patent infringement complaint. It held that a plaintiff need not "include each element of the claims of the asserted patent. . . ." This is because "[t]o impose such requirements would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation." 203 F.3d at 794. Instead, it was enough that the plaintiff "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the

(. . . continued)

systems infringe those patents. Any reliance on *Twombly* here would be an effort to transform it into a general requirement of fact pleading, which it expressly and inherently is not. *McZeal v. Sprint Nextel Corp.*, __ F.3 __, 2007 U.S. App. LEXIS 22025, *7-10 (Fed. Cir. Sept. 14, 2007) (reversing grant of motion to dismiss in patent infringement case because *Twombly* did not change Rule 8's pleading standard); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("[T]he Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."); *Homsey v. Vigilant Ins. Co.*, 2007 U.S. Dist. LEXIS 55399, *6 (D. Del. July 31, 2007) (stating that even under *Twombly* "heightened fact pleading is not required . . .") (Farnan, J.).

- 8 -

patent law invoked." *Id.* That is enough to ensure that a defendant has sufficient notice
to enable it to answer the complaint and defend itself. *Id.*

Similarly, Form 16 of the Federal Rules of Civil Procedure provides an example
of direct patent infringement allegations that are sufficient under Rule 8(a)(2) to state a
claim for relief. It reads: "Defendant has for a long time past been and still is infringing
[the patent-in-suit] by making, selling, and using electric motors embodying the patented
invention, and will continue to do so unless enjoined by this court." As a matter of law,
those allegations "are sufficient under the rules;" indeed, they "are intended to indicate
the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. Proc.
84.

Katz's allegations of patent infringement against GEICO are as, or even more,
specific than the allegations in *Phonometrics* and Form 16. Katz alleges ownership of 23
specific patents-in-suit which contain claims covering "interactive call processing." (Am.
Compl., ¶¶ 39-61, 73.) Katz then alleges separate claims for relief against each defendant
group. (Am. Compl., ¶¶ 62-69, 70-77, 78-85.) For each defendant group, Katz
specifically alleges: (1) which of the patents-in-suit the group has infringed (Am. Compl.,
¶¶ 66-67, 74-75, 82-83), and (2) how the infringement occurred (Am. Compl., ¶¶ 64, 72,
80). Katz also has alleged, separately for each defendant group, the types of services
offered to customers through use of infringing call processing systems.

**2.    GEICO Attempts To Impose a Heightened Pleading
Requirement on Katz.**

GEICO supports its motion to dismiss with several misrepresentations about the
level of specificity in the complaint. (*Supra* at n.1 and accompanying text.) GEICO uses
these misrepresentations to create the impression that Katz's complaint leaves GEICO in
the dark about what it has done to infringe the Katz patent portfolio. Putting these
misrepresentations to one side, it becomes clear that GEICO's argument for greater
specificity reduces to an argument that, to state a patent infringement claim, Katz must

allege: (a) the specific claims in the patents-in-suit that have allegedly been infringed, (b) the names of systems that infringe Katz's patent, (c) the separate theories of liability that support a claim for relief against a single defendant – the theory of direct infringement and the various theories of vicarious infringement – as separate claims for relief. Each of these arguments impermissibly attempts to impose a heightened pleading requirement on Katz.

### a.   Claim-Specific Infringement Contentions Will Be Developed as the Case Proceeds.

Under Rule 8, a patent holder can state a claim for relief without specifying which claims of a patent the defendant has infringed. *McZeal*, __ F.3d __; 2007 U.S. App. LEXIS 22025, *7 (Fed. Cir. Sept. 14, 2007) (reversing the grant of a motion to dismiss by reasoning that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patents"); *Phonometrics*, 203 F.3d at 794 (same). GEICO argues for a different rule here because of the large number of claims that are contained in the patents making up Katz's interactive call processing portfolio. GEICO claims that "to frame any sort of response to the Complaint, the Geico Defendants would be forced to undertake the burdensome task of reading the asserted patents and comparing each of the 1600 claims in those patents" to its "automated call processing services." (GEICO Brief, 11.)

GEICO's position is flawed for a number of reasons. Of course, GEICO should have begun that review after Katz attempted to engage it in negotiations for a license to use the portfolio. Moreover, it cannot articulate a reason why Katz should be required, before discovery, to finalize its claims at that level of detail. Imposing this type of requirement on a patent holder would unnecessarily complicate the already complex process of patent litigation and contradict the spirit of the federal rules.

In fact, GEICO's position is reminiscent of the old theory of the pleadings doctrine, under which "'a complaint must proceed upon some definite theory, and on that

- 10 -

theory the plaintiff must succeed, or not succeed at all.'" 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1219 (3rd ed. 2007) (quoting *Mescall v. Tully*, 91 Ind. 96, 99 (1883)). Rule 8, of course, abolished that requirement. *Id.* Now, a defendant that is on notice of the nature of the claims against it can use discovery procedures and motions for summary judgment to further refine the scope of the claims against it.[5]

Moreover, only limited information is publicly available about GEICO's interactive call processing systems. Katz should be permitted to obtain discovery before it has to identify specific claims infringed by GEICO. *See McZeal*, 2007 U.S. App. LEXIS 22025 at *10 (reversing grant of motion to dismiss because at pleading stage "all [Plaintiff] has access to is [Defendant's] public statements and advertisements" and "the specifics of how [Defendant's] purportedly infringing device works is something to be determined through discovery").

Finally, GEICO provides no authority for a purported rule of pleading that individual patent claims must be identified at the pleading stage. The few cases stating that a plaintiff should allege what claims have been infringed are half-century-old, district court opinions that are not square with modern pleading requirements. GEICO does not even cite them. Instead, GEICO focuses on a few recent district court decisions that required re-pleading for various other deficiencies and that, at best, also happened to

[5] For this reason, GEICO's alternative motion under Rule 12(e) for a more definite statement should also be denied. Rule 12(e) allows a party to move for a more definite statement if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. Proc. 12(e) (2007). Rule 12(e) motions "are viewed with disfavor, and are rarely granted." *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005) (Klausner, J.); *see also Houlihan v. Sussex Tech. Sch. Dist.*, 461 F. Supp. 2d 252, 262 (D. Del. 2006). They "attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Sequel Contractors, Inc.*, 402 F.Supp.2d at 1147. If the detail sought by such a motion is obtainable through discovery, the motion should be denied. *See id.*; *CFMT, Inc. v. Yieldup Int'l Corp.*, 1996 U.S. Dist. LEXIS 22795, *3 (D. Del. April 5, 1996).

involve patents containing a large numbers of claims. *E.g.,Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948 (S.D. Cal. 1996); *Bay Indus. v. Tru-Arx Mfg.*, 2006 U.S. Dist. LEXIS 86757 (E.D. Wis. Nov. 29, 2006); *Martek Biosciences Corp. v. Nutrinova Inc.*, 2004 U.S. Dist. LEXIS 20469 (D. Del. October 8, 2004); *In re Papst Licensing GmbH Patent Litig.*, 2001 WL 179926 (E.D. La. Feb. 22, 2001).

Even in those cases, the court did not, at the pleading stage, impose a burden on the plaintiff to identify specifically what claims needed to be interpreted. For example, the *Gen-Probe* court was actually "troubled by the fact that the complaint lumped five defendants together in one common count of patent infringement, depriving defendants of fair notice as to their alleged wrong-doing." *Winn Inc. v. Eaton Corp.*, 272 F. Supp. 2d 968, 973 (C.D. Cal. 2003). Here, however, Katz has separated its allegations by defendant group and GEICO knows what processes of their automated customer service systems allegedly infringe Katz's patent portfolio.[6]

### b. Katz Has Sufficiently Identified GEICO's Infringing Systems and Services.

GEICO next argues that Katz should be forced to re-plead because the complaint does not specifically name the interactive call processing systems and services that

---

[6] The other cases cited also are inapposite. In *Bay Industries*, the plaintiff had merely alleged that "[defendant] sells extruded aluminum cladding for entry door frames and garage door frames of various sizes and configurations. Certain of these products are at issue in this case . . . ." 2006 U.S. Dist. LEXIS 86757 at *2. Because "[n]o other statement in the complaint refer[red] directly to [defendant's] products, and none of the allegedly infringing products [were] specifically identified," the court required greater specificity as to which of the defendant's products allegedly infringed the plaintiff's patents; it did not require the plaintiff to identify which of the many claims in the patents-in-suit those products infringed. *Id. In re Papst Licensing* also involved a complaint that had to "be amended to specifically identify the . . . products which it alleges infringe upon one or more claims of each of the twenty patents." 2001 WL 179926 at * 2. Unlike GEICO, the defendant in *Papst* was "willing to interpret each of the 503 claims of the twenty patents." *Id.* Finally, in *Martek Biosciences*, the court required a more definite statement in support of the affirmative defense of inequitable conduct because the defendant did not plead facts establishing falsehood or materiality with sufficient particularity to meet the heightened pleading standard of Fed. R. Civ. P. 9(b). 2004 U.S. Dist. LEXIS 20469 at *8-9.

infringe the patents-in-suit. (GEICO Brief, 11.) GEICO argues that "Katz's only
allegations of infringement reference nothing more than 'Accused GEICO Services' and
'automated call processing systems'" and that Katz "simply conclude[s] that, without any
support or explanation, that [sic] the Geico Defendants 'operate infringing automated call
processing systems.'" (GEICO Brief, 9-10.) GEICO claims that these references are so
"vague" that it has no "notice of what, if any, actions are alleged to infringe . . . ."
(GEICO Brief, 11.) In a nutshell, GEICO claims that it cannot determine what it could
possibly have done to be named in this suit.

This argument simply ignores large portions of the Amended Complaint which
provide GEICO with specific information describing the infringing call processing
systems and services. The Amended Complaint describes the customers for whom
GEICO provides access to interactive call processing systems, the type of services and
information made available, and the types of transactions possible through the systems.
Those allegations are tailored to each defendant group's unique systems. *Supra* at 5-6.

Katz's allegations in this respect are sufficient. In fact, Katz identifies the
systems at issue in greater detail than that provided in Form 16 of the Appendix to the
Federal Rules of Civil Procedure (the example provided is "electric motors embodying
the patented invention"). That example demonstrates "the simplicity and brevity of
statement which the rules contemplate." Fed. R. Civ. Pro. 84. A party need not identify
by name the specific products or internal systems that are alleged to infringe a patent.
*See. e.g., Interdigital Tech. Corp. v. OKI America, Inc.*, 845 F. Supp. 276, 283 (E.D. Pa.
1994) (holding that complaint accusing "all products" that incorporate a particular
technology satisfies Rule 8).[7]

---

[7] The cases that GEICO cites in support of its argument are distinguishable. Unlike Katz
here, the plaintiff in each of those cases did not describe the infringing conduct in detail;
rather, the plaintiff alleged that at least one unspecified product of a wide range of the
defendants' products infringed the patents-in-suit. *Bay Indus. v. Tru-Arx Mfg.*, 2006 U.S.
Dist. LEXIS 86757 at *2 (alleging that "[c]ertain of [defendant's] products are at issue in
(continued . . .)

- 13 -

#### c.    Katz Properly Pleads Vicarious Infringement as an Appropriate Alternative Theory Against GEICO.

Finally, GEICO argues that Katz has failed to sufficiently plead its theory of vicarious infringement. (GEICO Brief, 11.) GEICO claims that it is "unable to determine whether [it] ha[s] been accused of direct infringement, contributory infringement, or inducement" and is thus unable to respond.[8] (GEICO Brief, 11.) In support of its argument, GEICO cites no authority for the proposition that Katz may not accuse GEICO of both direct and vicarious liability. Instead, it cites only to *Gen-Probe*. However, as described above, the primary deficiency with the complaint in *Gen-Probe* was its failure to identify which claims applied to each of the five defendants. 926 F. Supp. at 961 ("[T]his confusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint.").

Here, Katz's complaint is very specific in its allegations as to each defendant group. (*See supra* 5-6.) There are multiple patents and multiple claims in those patents. Depending upon the patent claim and the details about GEICO's systems and how they are operated (for example, whether GEICO is using vendors to provide some or all of its services), GEICO may be a direct infringer or its liability may be vicarious based on the conduct of its vendors or customers. At the pleading stage, Katz is entitled to plead alternative theories. Moreover, a plaintiff is not required to allege facts that, because no discovery has yet occurred, are in the exclusive possession of the defendants. *Concha v.*

---

(. . . continued)

this case . . ."); *Ondeo Nalco Co. v. EKA Chems., Inc.*, 2002 WL 1458853, *1 n.2 (D. Del. June 10, 2002) (alleging that "Nalco's products, including the 8692 product" infringe); *In re Papst Licensing GmbH Patent Litig.*, 2001 WL 179926 at * 1 (alleging that all of IBM's disk drives infringe).

[8] GEICO also argues, in a footnote, that Katz theories of vicarious liability, contributory infringement and inducement of infringement, fail because they "have an additional element of specific intent" and "Katz does not even purport to allege specific intent against the Geico Defendants in the Complaint." (GEICO Brief, 10 n.4.) In doing so, GEICO simply ignores Katz's specific allegation that "[t]he GEICO Defendant's infringement of the patents . . . has been and is willful." (Am. Compl., ¶ 76.)

*London*, 62 F.3d 1493, 1503 (9th Cir. 1995) (holding that Rule 9's fact pleading requirement does not apply to breach of fiduciary duty cases that do not involve fraud because "the circumstances surrounding alleged breaches of fiduciary duty may frequently defy particularized identification at the pleading stage"); *Deutsch v. Flannery*, 823 F.2d 1361, 1366 (9th Cir. 1987) (reversing grant of motion to dismiss fraud action where facts not alleged were within defendant's knowledge). Katz has adequately pled its claims and it should be allowed to proceed with discovery to further flesh out its theories of liability.

## V.    CONCLUSION

For all of the foregoing reasons, among others, Katz respectfully requests that GEICO's motion to dismiss be denied in its entirety.

BOUCHARD MARGULES &
FRIEDLANDER, P.A.

BY

Andre G. Bouchard (I.D. No. 2504)
Dominick T. Gattuso (I.D. No. 3630)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
dgattuso@bmf-law.com

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

Dated:  September 24, 2007