**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMCAST CORPORATION; COMCAST )<br>CABLE COMMUNICATIONS, LLC; )<br>COMCAST OF NEW CASTLE COUNTY, LLC; )<br>COMCAST OF DELMARVA, INC.; )<br>COMCAST OF EASTERN SHORE, LLC; )<br>COMCAST OF CALIFORNIA II, LLC; )<br>COMCAST OF CALIFORNIA/COLORADO, )<br>LLC; COMCAST OF ARKANSAS/FLORIDA/ )<br>LOUISIANA/MINNESOTA/MISSISSIPPI/ )<br>TENNESSEE, INC.; COMCAST OF )<br>COLORADO/PENNSYLVANIA/WEST )<br>VIRGINIA, LLC; COMCAST OF FLORIDA/ )<br>ILLINOIS/MICHIGAN, INC.; COMCAST OF )<br>GARDEN STATE, L.P.; COMCAST OF )<br>HOUSTON, LLC; GEICO CORPORATION; )<br>GOVERNMENT EMPLOYEES INSURANCE )<br>COMPANY; GEICO GENERAL INSURANCE )<br>COMPANY; GEICO INDEMNITY COMPANY; )<br>GEICO CASUALTY COMPANY; XM )<br>SATELLITE RADIO HOLDINGS, INC.; )<br>XM SATELLITE RADIO, INC.; XM RADIO, )<br>INC. and XM EQUIPMENT LEASING, LLC, )<br>)<br>Defendants. ) | Case No.: 1:07-cv-00361-JJF<br><br>Honorable Joseph J. Farnan<br><br>JURY TRIAL DEMANDED |

**GEICO DEFENDANTS' REPLY TO PLAINTIFF
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
OPPOSITION TO THE GEICO DEFENDANTS' MOTION TO DISMISS**

FOX ROTHSCHILD LLP
Francis G.X. Pileggi, Esquire (Del. Bar. No. 2624)
Sheldon K. Rennie, Esquire (Del. Bar. No. 3772)
Citizens Bank Center, Suite 1300
919 North Market Street
Wilmington, DE  19801-2323
Phone: (302) 655-3667

        Email: fpileggi@foxrothschild.com
             srennie@foxrothschild.com
            -and-

WARD & OLIVO
John F. Ward, Esquire
David M. Hill, Esquire
Michael G. Gabriel, Esquire
380 Madison Avenue
New York, New York 10017
Phone: (212) 697-6262
Email: wardj@wardolivo.com
       hilld@wardolivo.com
       gabrielm@wardolivo.com

Counsel for Defendants and Counterclaim Plaintiffs
GEICO CORPORATION, GOVERNMENT
EMPLOYEES INSURANCE COMPANY, GEICO
GENERAL INSURANCE COMPANY, GEICO
INDEMNITY COMPANY AND GEICO
CASUALTY COMPANY

Dated: October 15, 2007

**TABLE OF CONTENTS**

I.  SUMMARY OF ARGUMENT ........................................................................................... 1

II. ARGUMENT ...................................................................................................................... 3

    A.  Katz Failed To Provide Geico With Notice Of
        Potential Infringement Of The Expired Patents ............................................................. 3

    B.  Even With The Mischaracterization Of Its Pleading,
        Katz Still Falls Short Of The Standard Under Rule 8(a) ................................................ 5

    C.  At A Minimum, Katz Should Be Required To Provide A More Definite
        Statement Of Its Claims Against Each Of The Geico Defendants. .................................. 9

III. CONCLUSION ................................................................................................................. 10

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*American Med. Sys. Inc. v. Medical Eng'g Corp.,*
  6 F.3d 1523 (Fed.Cir.1993), cert denied, 511 U.S. 1070 (1994) ................................ 4

*Bay Indus. v. Tru-Arx Mfg.,*
  2006 U.S. Dist. LEXIS 86757 (E.D. Wis. Nov. 29, 2006) .......................................... 9

*Bell Atlantic Corp. v. Twombly,*
  127 S. Ct. 1955 (2007) ....................................................................................... 5, 6, 7

*Cross Med. Prod., Inc., v. Medtronic Sofamor Danek, Inc.,*
  424 F.3d 1293 (Fed. Cir. 2005) ................................................................................. 8

*DSU Medical Corp. v. JMS Co., Ltd.,*
  471 F.3d. 1293 (Fed. Cir. 2006) ................................................................................ 8

*Ferguson Beauregard / Logic Controls, v. Mega Systems,*
  350 F.3d 1327 (Fed. Cir. 2003) ................................................................................. 8

*Gen-Probe, Inc. v. Amoco Corp.,*
  926 F. Supp. 948 (S.D. Cal. 1996) ...................................................................... 8, 10

*Hana Financial Inc. v. Hana Bank,*
  500 F.Supp.2d 1228 (C.D.Cal. 2007) ........................................................................ 5

*Hewlett-Packard Co. v. Intergraph Corp.,*
  2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) .......................................................... 8

*Homsey v. Vigilant Ins. Co.,*
  2007 U.S. Dist. LEXIS 55399 (D. Del. July 31, 2007) ............................................. 5

*Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.,*
  2001 WL 66345 (D. Del. Jan. 4, 2001) ..................................................................... 4

*In re Papst Licensing, GmbH, Patent Litigation,*
  2001 U.S. Dist. LEXIS 2255, Nos. MDL 1298 & C.A. 99-3118, 2001 WL
  179926 (E.D. La. Feb 22, 2001) ................................................................................ 9

*Lans v. Digital Equipment Corp et al.,*
  252 F.3d 1320 (Fed. Cir. 2001) ............................................................................. 1, 3

*MacNeill Eng'g Co., Inc. v. Trisport, Ltd.,*
  59 F. Supp. 2d 199 (D. Mass. 1999) ......................................................................... 8

*Martek Biosciences Corp. v. Nutrinova Inc.*,
  2004 U.S. Dist. LEXIS 20469 (D. Del. October 8, 2004) .......................................... 9

*In re Seagate Tech.*,
  97 F.3d 1360 (Fed.Cir. Aug. 20, 2007) ................................................................. 7

## FEDERAL STATUTES

35 U.S.C. § 287 (a) .................................................................................................1, 3, 4

Fed. R. Civ. P. 8 (a) ..............................................................................................2, 5, 6, 7

Fed. R. Civ. P. 11 ........................................................................................................ 2, 9

Fed. R. Civ. P. 12 (e) ........................................................................................................ 9

Fed. R. Civ. P., Form 16 ................................................................................................ 2, 7

## MISCELLANEOUS

5A Charles A. Wright & Arthur R. Miller,
  *Federal Practice and Procedure* § 1376 .................................................................. 9

I.      **SUMMARY OF ARGUMENT**

Plaintiff Ronald A. Katz Technology Licensing, L.P. (hereinafter "Katz"), in its opposition to the Defendants' Motion to Dismiss misstates the facts, misapplies the law, and fails to raise any issue preventing this Court from granting Defendants' Motion.[1]

1.      Katz opens with an apparently deliberate misstatement of Geico's position: "GEICO contends that Katz did not provide *sufficient* pre-filing notice with respect to § 287(a) . . ." (D.I. 30, p. 1; emphasis added). Actually, for fifteen of the nineteen asserted patents, Geico flat out states that Katz failed to provide ***any*** notice prior to their expiration. These fifteen patents all expired in 2005. Katz first wrote to Geico in 2006. Thus, with regard to the fifteen patents that expired in 2005 (the "Expired Patents"), Katz has no claim for which relief can be granted.

The identical issue has previously been addressed by the Federal Circuit:

> Because Uniboard's licensees did not mark their products and because Uniboard did not inform the Computer Companies of infringement before expiration of the '986 patent, § 287(a) prevents Uniboard from collecting damages from the Computer Companies. Moreover, the district court cannot enjoin the Computer Companies from infringing an expired patent. Thus, the district court correctly ruled that Uniboard has not stated a claim on which relief may be granted.

*Lans v. Digital Equipment Corp. et al.,* 252 F.3d 1320, 1328 (Fed. Cir. 2001). Since there is no longer any remedy to which Katz is even arguably entitled as to the fifteen Expired Patents, Katz has failed to state a claim for which relief may be granted.

2.      Katz then misstates its own infringement allegations. It argues that its Amended Complaint, at paragraphs 73 and 75, separately alleges how each defendant group's interactive call processing systems infringe the patents-in-suit. (D.I. 30, p. 2). Katz further argues that it separately identifies the specific patents infringed by each defendant group. (D.I. 30, p. 2).

---

[1] Defendants Geico Corporation, Government Employees Insurance Company, Geico General Insurance Company, Geico Indemnity Company, and Geico Casualty Company are hereinafter collectively "Geico".

1

However paragraph 73 of the Amended Complaint merely provides:

> 73.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '547, '551, '576, '703, '707, '734, '863, '893, '965, '968, and '984 Patents.

(D.I. 20, p. 12).

Furthermore, paragraph 75 states only:

> 75.    On information and belief, the Geico Defendants' continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734 and '984 Patents by making, using, offering to sell, or selling the Accused GEICO Services.

(D.I. 20, p. 13).

Plainly, the Amended Complaint merely alleges that Geico is infringing "one or more claims" of the four patents which have not already expired (D.I. 20, p. 13, ¶ 74), and that such infringement "has been and is willful." (D.I. 20, p. 13, ¶ 76). Katz fails to explain how these bald assertions provide the fair notice required by Rule 8(a), F. R. Civ. P., and instead hides behind Form 16. Form 16 merely illustrates an adequate patent infringement charge in a situation involving one patent and a single, clearly identified product. This bears no resemblance to the present case, where Katz lists nineteen patents, fifteen of which are expired, and separately alludes to a number of services that Geico provides to its customers. Katz provides absolutely no guidance as to how any of these services might infringe any of the listed patents.

3.    Katz does not directly address Geico's alternate request for a more definite statement. At a minimum, Katz should be compelled to provide the information that it must have gathered prior to filing to satisfy its Rule 11, F. R. Civ. P., obligations. For example, by asserting nineteen patents against Geico, Katz must have investigated and concluded that at least one claim in each

2

of the patents was infringed by at least one specific product or service offered by Geico. None of this information is provided in the Amended Complaint. Consequently, in order for Geico to adequately answer the Amended Complaint, Geico must undertake a review of fifteen expired patents, four patents that have not yet expired, and over 1600 patent claims. The Court should not allow Katz to use deliberately vague pleadings to greatly increase Geico's costs to defend itself.

## II.    ARGUMENT

### A. Katz Failed To Provide Geico With Notice Of Potential Infringement Of The Expired Patents

For a patent owner to have a claim of infringement on an expired patent, the patent owner must have given notice to the alleged infringer of the infringement before the patent expired. *Lans v. Digital Equipment Corp. et al.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001). In this case, Katz did not provide such notice and, accordingly, did not and could not plead that it had done so. *Id.*

Katz uses the straw-man argument that Geico "contends that Katz did not provide *sufficient* pre-litigation notice under § 287(a) of the Patent Act." (D.I. 30, p. 1; emphasis added). There is no need for the Court to even address this. The issue raised by Geico in its present motion to dismiss is not the sufficiency of any Katz pre-litigation notice of the Expired Patents. The issue, rather, is the dismissal of the Expired Patents because Katz *never* brought any of these patents to the attention of Geico before their expiration. Katz does not even dispute whether it provided pre-expiration notice to Geico—because it cannot.

Instead, Katz stubbornly attempts to rely on a single statement in its Amended Complaint: "Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants

3

has agreed to take a license to any other patents-in-suit." (D.I. 20, p. 7). This position misrepresents the law and the facts.

On the law, Katz adopts the position that "Section 287(a) does not apply to method patents or patents where only method claims are found to be infringed." (D.I 30, p. 5, n.2). However, the Federal Circuit has ruled that where a patent contains both apparatus and method claims, only where there is no device to mark are patentees excused from the marking statute's requirements. *See American Med. Sys. Inc. v. Medical Eng'g Corp.,* 6 F.3d 1523, 1538-39 (Fed.Cir.1993), *cert denied,* 511 U.S. 1070 (1994). Only two of the fifteen expired Katz patents are method claim only patents. Further, in *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.,* 2001 WL 66345, at *4 (D. Del. Jan. 4, 2001), Judge Sleet ruled that where the use of method claim only patents has been embodied in a product, those patents were subject to the marking requirement.

On the facts, Katz's licensing efforts in 2006 cannot revive patents that died in 2005. Katz has not (and cannot) provide any excuse justifying its failure to inform Geico of any infringement allegations regarding the Expired Patents. For whatever reason, Katz sat on its hands until long after fifteen of the nineteen asserted patents had expired. Katz cannot now resuscitate claims relating to these patents—just as there is no way to revive the patents themselves.

Katz makes one last-ditch effort to avoid a clearly warranted dismissal. Despite the fact that its "licensing" efforts occurred a year too late to save its claims under the Expired Patents, Katz suggests that Geico should be burdened with discovery to "develop facts related to these licensing negotiations". (D.I. 30, p. 6). Geico should not be subjected to this Sisyphean task.

4

No amount of discovery can uncover something that did not happen. No discovery can remedy Katz's failure to contact Geico in 2005 or earlier.

A further flaw in Katz's argument is demonstrated in its discussion of the notice pleading requirements of Rule 8(a). (D.I 30, pp. 7-15). Katz discusses the recent Supreme Court decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), and relies on this Court's recent decision in *Homsey v. Vigilant Ins. Co.* for the proposition that, post-*Twombly*, "heightened fact pleading is not required…." 2007 U.S. Dist. LEXIS 55399, *6 (D. Del. July 31, 2007). However, this partial quote is highly misleading. Indeed, as this Court is aware, the full quote reads, "heightened fact pleading is not required, <u>but enough facts must be alleged to state a claim to relief that is plausible on its face</u>." *Homsey*, at * 6; *Bell Atl. Corp.,* 127 S. Ct. at 1974 (emphasis added); *see also*, *Hana Financial Inc. v. Hana Bank*, 500 F.Supp.2d 1228, 1233 (C.D.Cal. 2007). Katz's Amended Complaint provides only allegations and conclusions.

Accepting all of Katz's factual allegations as true and drawing all reasonable inferences in Katz's favor, the fact remains that Katz never brought any of these nineteen patents to the attention of Geico before fifteen of them expired. Katz has not met its minimum pleading requirement, even under direct challenge to do so by the present motion. Katz cannot plausibly maintain that it has stated a claim for which relief can be granted.

Accordingly, the Complaint should be dismissed for failure to state a claim for which relief can be granted with regard to the Expired Patents.

### B. Even With The Mischaracterization Of Its Pleading, Katz Still Falls Short Of The Standard Under Rule 8(a)

Katz argues that it has sufficiently met the requirements of Rule 8(a), Fed. R. Civ. P., which requires that a complaint be pled in a way that provides the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

5

127 S.Ct. 1955, 1959 (2007). A complaint must allege sufficient facts. *Id*. Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8(a)'s requirements. *Id*.

In its Opposition, Katz asserts that its Amended Complaint "alleges separate claims for relief against each defendant group. (Am.Compl., ¶¶ 62-69, 70-77, 78-85.) For each defendant group, Katz specifically alleges: (1) which of the patents-in-suit the group has infringed (Am.Compl., ¶¶ 66-67, 74-75, 82-83), and (2) how the infringement occurred (Am.Compl., ¶¶ 64, 72, 80)." (D.I. 30, p. 9). Even if Katz's characterization of the breadth of its pleadings were true, Katz would still not have satisfied the pleading requirements of Rule 8(a).

Despite the protestations in its Opposition, Katz only vaguely accuses unidentified transactions, products or service of Geico's "offered automated customer service". Katz never once explains or suggests how any of these automated customer service systems infringe any of the Katz patents, let alone any of the over 1600 claims at issue. Nowhere does Katz provide specific allegations regarding which of the patents are infringed or how such alleged infringement occurs.

Worse yet, however, is that Katz's characterization of the breadth of its pleadings is a misrepresentation of its own infringement allegations. It argues that the Amended Complaint "specifically alleges, separately for each defendant group, how that defendant's group interactive call processing systems infringe the patents-in-suit. Finally, Katz separately identifies the specific patents infringed by each defendant group. (E.g., Am.Compl., ¶¶ 73, 75.)". (D.I. 30, p. 2). However, paragraph 73 of the Amended Complaint merely provides a list of asserted patents:

> 73. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '547, '551, '576, '703, '707, '734, '863, '893, '965, '968, and '984 Patents.

6

(D.I. 20, p. 12).

Paragraph 75 merely asserts, without support or explanation, that Geico infringes the four patents which have not yet expired:

> 75.   On information and belief, the Geico Defendants' continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734 and '984 Patents by making, using, offering to sell, or selling the Accused GEICO Services.

(D.I. 20, p. 13).

In sum, the Amended Complaint contains nothing more than the naked allegation that Geico is infringing "one or more claims" of the asserted patents (D.I. 20, p. 13, ¶ 74), and such infringement "has been and is willful." (D.I. 20, p. 13, ¶ 76).[2] Katz fails to explain how these bald assertions provide the fair notice required by Rule 8(a), F. R. Civ. P., and instead hides behind Form 16. But Form 16 merely illustrates an adequate patent infringement charge in a situation involving one patent and a single, clearly identified product. (Form 16, F. R. Civ. P.) This bears no resemblance to the present case, where Katz lists nineteen patents (fifteen of which are expired), vaguely alludes to a number of services Geico may provide its customers, and provides absolutely no guidance as to how any of these services might infringe any of the listed patents. (D.I. 20, pp. 12-13, ¶¶ 70-77).

Furthermore, as discussed above, adequate pleadings require sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp.*, 127 S.Ct. at 1960. While absolute certainty is not required, there must be something in the pleadings that distinguishes between conceivable and plausible. *Id*. In this case, Katz's pleadings are not plausible, and therefore, they must be dismissed.

---

[2] Katz's assertion of willful infringement is wholly at odds with the Federal Circuit's recent decision in *In re Seagate Tech.*, 497 F.3d 1360 (Fed. Cir. 2007).

7

For example, Katz alleges both direct and indirect infringement in its Amended Complaint. In its opposition, Katz argues that it is not required to identify direct infringers to sustain its cause of actions for inducement and contributory infringement. Katz, however, ignores that in addition to failing to identify direct infringers, it has also failed to plead the other elements of inducement. *See Ferguson Beauregard / Logic Controls, v. Mega Systems*, 350 F.3d 1327, 1342 (Fed. Cir. 2003) and *DSU Medical Corp. v. JMS Co., Ltd.,* 471 F.3d. 1293, 1296 (Fed. Cir. 2006) (inducement requires a showing that the alleged direct infringer encouraged all of the limitations of the claims and that they had the specific intent to encourage such infringement). Katz's pleading fails in the same respect regarding its claim of contributory infringement. *Cross Med. Prod., Inc., v. Medtronic Sofamor Danek, Inc*., 424 F.3d 1293, 1312 (Fed. Cir. 2005) (contributory infringement requires that the accused party must have offered to sell or sold a product, knowing that the product has no substantial non-infringing uses).

Courts have dismissed complaints that fail to provide factual support for the allegation that the defendant offered to sell or sold a component of the invention that has no substantial non-infringing uses. *Hewlett-Packard Co. v. Intergraph Corp*., 2003 WL 23884794 *2 (N.D. Cal. Sept. 6, 2003); *Gen-Probe, Inc. v. Amoco Corp*., 926 F. Supp. 948, 962 (S.D. Cal. 1996); *MacNeill Eng'g Co., Inc. v. Trisport, Ltd*., 59 F. Supp. 2d 199, 201 (D. Mass. 1999). Here, Katz has not even tried to assert factual allegations supporting the required elements for inducement and contributory infringement. In short, Katz has not taken its allegations from merely conceivable to plausible.

Accordingly, all of Katz's claims must be dismissed under Rule 8(a), Fed. R. Civ. P.

### C. At A Minimum, Katz Should Be Required To Provide A More Definite Statement Of Its Claims Against Each Of The Geico Defendants

In the event this Court determines that Katz's Amended Complaint should not be dismissed, Geico alternatively requests a more definite statement under Rule 12(e), Fed. R. Civ. P., setting forth specific allegations of infringement. If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. *See Martek Biosciences Corp. v. Nutrinova Inc.*, 2004 U.S. Dist. LEXIS 20469 at *5 (D. Del. October 8, 2004) (granting plaintiff's motion for a more definite statement of counterclaim). Rule 12(e) motions are appropriate when a complaint is sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself. *See id* at *5; *see also, e.g.*, *In re Papst Licensing, GmbH, Patent Litig.*, 2001 U.S. Dist. LEXIS 2255, Nos. MDL 1298 & C.A. 99-3118, 2001 WL 179926, at *1-2 (E.D. La. Feb. 22, 2001) (concluding that the plaintiff's complaint must be amended to specifically identify which of the defendant's products are alleged to have infringed the plaintiff's patents); *Bay Indus. v. Tru-Arx Mfg.*, 2006 U.S. Dist. LEXIS 86757, *3-4 (E.D. Wis. Nov. 29, 2006) ("courts have found Rule 12(e) relief appropriate where the complaint fails to identify any allegedly infringing product or at least set forth a limiting parameter"); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376. pp. 577-8 (2d ed. 1990).

As detailed above, Katz's Amended Complaint is so vague and ambiguous that Geico cannot frame a proper responsive pleading, conform its conduct, if necessary, to avoid allegations of willful infringement going forward, or alert third parties to any indemnification

obligations for the purported conduct at issue. *See Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948 (S.D. Cal. 1996).

Rule 11, F. R. Civ. P., requires plaintiffs to conduct an adequate pre-filing investigation. Assuming, *arguendo*, that Katz conducted such an investigation, then it already identified specific claims in specific patents that it believes are infringed by specific Geico products or services. Isn't it apparent that the minimal information required to justify suit must also represent the minimum notice that should be provided to a defendant of a claim? Here, Katz's Amended Complaint, standing alone, does not evidence compliance with Rule 11. Geico is entitled to more information than that, if it exists.

### III. CONCLUSION

The Complaint should be dismissed for failure to state a claim for which relief can be granted with regard to the Expired Patents because Katz did not inform Geico of its allegations of infringement before those patents expired. Also, Katz has failed to satisfy the most basic pleading requirements of the Federal Rules. Katz's Amended Complaint contains boilerplate legal conclusions, fails to identify which of over 1600 claims contained in nineteen patents may be at issue, and fails to sufficiently describe any Geico products, services, or activities that allegedly infringe the patents-in-suit, thereby depriving Geico of the notice to which it is entitled under the Federal Rules. Accordingly, Geico respectfully requests that the Court dismiss Katz's Amended Complaint or, in the alternative, order Katz to provide a more definite statement describing the allegations against Geico in reasonable detail sufficient to identify the claims and the accused products or systems.

                Respectfully submitted,
                **FOX ROTHSCHILD LLP**

By:   /s/ Francis G.X. Pileggi
       Francis G.X. Pileggi, Esquire (#2624)
       Sheldon K. Rennie, Esquire (#3772)
       Citizens Bank Center, Suite 1300
       919 North Market Street
       Wilmington, DE   19801-2323
       Phone: (302) 655-3667
       Email: fpileggi@foxrothschild.com
              srennie@foxrothschild.com

                -and-

WARD & OLIVO
John F. Ward, Esquire
David M. Hill, Esquire
Michael G. Gabriel, Esquire
380 Madison Avenue
New York, New York 10017
Phone: (212) 697-6262
Email: wardj@wardolivo.com
       hilld@wardolivo.com
       gabrielm@wardolivo.com

Counsel for Defendants and Counterclaim Plaintiffs GEICO CORPORATION, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY

Dated:  October 15, 2007

**CERTIFICATE OF SERVICE**

I, Sheldon K. Rennie, Esquire, hereby certify on this 15th day of October 2007, that **Geico Defendants' Reply To Plaintiff Ronald A. Katz Technology Licensing, L.P.'s Opposition To The Geico Defendants' Motion To Dismiss** has been served by e-filing on the following counsel of record:

>Andrew G. Bouchard, Esq.
>John M. Seaman, Esq.
>Bouchard Margules & Friedlander, P.A.
>222 Delaware Avenue, Suite 1400
>Wilmington, DE 19801

>/s/ Sheldon K. Rennie
>Sheldon K. Rennie, Esquire (#3772)